[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE #134
On March 19, 1993, the plaintiff, Donna Wright, filed a one count complaint against the defendant, Kristina Staneika, alleging that Staneika, while operating a motor vehicle, negligently struck the rear of the vehicle Wright was operating, thereby injuring Wright.
On November 26, 1996, the defendant/third party plaintiff, Staneika, filed a two count "Second Revised Third Party Complaint" against the third party defendant, Institute of Professional Practices, Inc. (IPP). Count one of the third party complaint purports to sound in absolute public nuisance. Count two purports to sound in public nuisance. Staneika alleges that IPP is Wright's employer, and, is engaged in the transportation of mentally ill persons throughout Connecticut. Staneika further alleges that at the time of the accident, Wright was transporting a mentally ill person who interfered with Wright's operation of the vehicle and thereby caused the accident. Staneika seeks indemnification from IPP on the theory that IPP's procedures governing the transportation of mentally ill persons created a nuisance and thereby caused any injuries Wright suffered. Staneika claims that if she is found liable to Wright in the original action, IPP must indemnify Staneika.
On January 28, 1997, IPP filed a motion to strike the entire third party complaint on the ground that it failed to state a cause of action.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to CT Page 5977 state a claim upon which relief can be granted . . . . The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Watersv. Autuori, 236 Conn. 820, 825-26 (1996). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985).
 I
"Ordinarily there is no right of indemnity or contribution between joint tort-feasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, we have distinguished between `active or primary negligence,' and `passive or secondary negligence.' . . . Indemnity shifts the impact of liability from passive joint tortfeasors to active ones." Skuzinski v. Bouchard Fuels. Inc.,240 Conn. 694, 697 (1997).
As the claimed indemnitee in the present case, Staneika "must allege facts sufficient to establish at least four separate elements in order to maintain a common law action for indemnity. These elements are: (1) that the other tortfeasor [IPP] was negligent; (2) that [IPP's] negligence, rather than [Staneika's], was the direct, immediate cause of the accident and injuries; (3) that [IPP] was in control of the situation to the exclusion of [Staneika]; and (4) that [Staneika] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." Id. 698. Additionally, Connecticut law requires "the showing of a special antecedent legal relationship . . . in the context of indemnification claims between joint tortfeasors that arise in the context of our workers' compensation law. Statutory law provides that, for most purposes, workers' compensation payments are the exclusive source of remedy against an injured employee's employer. General Statutes § 31-284 (a) . . . . In view of the exclusivity of workers' compensation relief, indemnity claims against employers as joint tortfeasors warrant the special additional limitation of an independent legal relationship. " Id., CT Page 5978 699. Where, as in the present case, the defendant (Staneika) in an action by a plaintiff-employee, seeks recovery from the plaintiff's employer (IPP) via a third party action, the third party action arises in the workers' compensation context.Ferryman v. Groton, 212 Conn. 138, 144 (1989).
IPP argues that counts one and two of the third party complaint are insufficient because they fail to allege the existence of an independent relationship between Staneika and IPP. Staneika responds that counts one and two sufficiently allege the existence of an independent legal relationship.
 II
IPP alleges that count one of the third party complaint fails to allege sufficiently the existence of the independent legal relationship between IPP and Staneika required to state a cause of action for indemnity. Staneika responds that it alleged that IPP engaged in an absolute public nuisance, and this allegation "in and of itself, [is a] sufficient independent legal duty to permit [an] action by Staneika against IPP." The gravamen of Staneika's argument is that by pleading absolute public nuisance, and its attendant strict liability, she has sufficiently alleged that IPP owed Staneika an independent duty.
"There are two types of nuisance: public and private. A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. In the modern authorities [private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure. In contrast, [n]uisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public." Couture v.Board of Education, 6 Conn. App. 309, 314 (1986).
"A nuisance, whether public or private, describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property. . . . The term nuisance refers to the condition that exists and not to the act or failure to act that creates it. If the creator of the condition intends the act that brings about the condition found to be a nuisance, the nuisance thereby created is said to be absolute and its creator is strictly liable. . . . If the condition claimed to be CT Page 5979 a nuisance arises out of the creator's unintentional but negligent act, i.e., a failure to exercise due care, the resulting condition is characterized as a negligent nuisance."Quinnett v. Newman, 213 Conn. 343, 348-49 (1990).
"Our prior decisions have established that in order to prevail on a claim of nuisance, a plaintiff must prove that: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiffs' injuries and damages. . . . [W]here absolute public nuisance is alleged, the plaintiff's burden includes two other elements of proof: (1) that the condition or conduct complained of interfered with a right common to the general public; and (2) that the alleged nuisance was absolute, that is, that the defendants' intentional conduct, rather than their negligence, caused the condition deemed to be a nuisance." State v. Tippetts-Abbett-McCarthy-Stratton,204 Conn. 177, 183 (1987).
Count one of the present action contains the following allegations. IPP had procedures in place to transport mentally ill patients. These procedures required that "one employee drives, [while] another employee sits in the rear most seat closest to the driver's side window and [the] patient sits in the middle of the rear most seat next to the employee." At the time of the accident, a "mentally ill patient was sitting directly behind the driver in the first seat closest to the window and the second employee was sitting next to the patient on the passenger's side, and there was no barrier of any kind to protect the driver from the unpredictable patient." "The failure to transport the mentally ill patient with proper restraints created an ultra hazardous activity producing a serious risk of harm to persons and or property of others which could not be eliminated by the exercise of due care."
Where a condition claimed to be a nuisance arises out of unintentional but negligent conduct, the resulting condition is categorized as a negligent nuisance. Quinnett v. Newman, supra,213 Conn. 348-49. In the present case, the allegations of count one of the third party complaint allege that the employees of IPP created a nuisance by failing to transport a mentally ill patient according to IPP's established safety procedures, i.e., they failed to exercise due care. See Id. Accordingly, count one CT Page 5980 alleges a cause of action sounding in negligent nuisance, not absolute nuisance. Because the creator of a negligent nuisance is not strictly liable to the injured party, count one must allege the existence of an independent legal relationship between IPP and Staneika. See Quinnett v. Newman, supra, 213 Conn. 348-49;Skuzinski v. Bouchard Fuels, Inc., supra, 240 Conn. 697. It does not do so. Therefore, count one fails to state a claim for indemnification.[1]
The court grants the motion to strike count one of the third party complaint.
 III
Count two alleges that IPP knew or should have known that the transportation of mentally ill patients created a condition dangerous to the public, and, failed to correct this dangerous condition. This allegation of public nuisance arises out of IPP's failure to exercise due care, and accordingly it is characterized as negligent nuisance. Quinnett v. Newman, supra,213 Conn. 348-49. The mere allegation that IPP's negligent conduct caused the plaintiff's injuries does not establish the additional requirement that an independent legal relationship exist between IPP and Staneika. Skuzinski v. Bouchard Fuels, Inc., supra,240 Conn. 697; Ferryman v. Groton, supra, 212 Conn. 145 (mere allegations against the plaintiff's employer based on the active or primary negligence of the employer are inadequate to establish the independent relationship that is necessary to state a claim for indemnification against the plaintiff's employer). Therefore, since Staneika has failed to allege the existence of an independent legal relationship between herself and IPP, the court grants the motion to strike count two of Staneika's third party complaint.
Samuel S. Freedman, Judge