[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has sued the defendant skating rink for damages allegedly sustained in a collision with other skaters, claiming that those damages were sustained because of the defendants' failure to provide adequate security and supervision at the rink. The skating rink has filed a cross complaint against the two skaters who collided with the plaintiff, seeking indemnification and claiming that it was the "active" negligence of these defendants which was the direct and primary cause of the plaintiff's alleged damages. One of those skaters has moved to strike the count of the cross complaint pertaining to him. He claims that the cross complaint fails to allege and that the defendants cannot prove the four essential elements of a claim for common law indemnification. The defendants filed an "objection" to the motion to strike, which came to me on the short calendar for December 8, 1997.
The four elements of an indemnification claim, as CT Page 366 originally laid out in Kaplan v. Merberg Wrecking Co.,152 Conn. 405, 416 (1965), are that (1) the party from whom indemnification is sought was negligent; (2) its negligence, rather than another's, was the direct and immediate cause of the plaintiff's injury; (3) the party from whom indemnification is sought had exclusive control over the situation causing the plaintiff's injury; and (4) the party seeking indemnification did not know of, or anticipate, the other party's negligence, and it could reasonably rely on that party not to be negligent. It is the third of these elements that is in question.
Cases too numerous to cite have established the propositions that the purpose of a motion to strike is to test the legal sufficiency of a pleading, in this case the amended cross complaint of September 23, 1997, and that all factual allegations in the challenged pleading are assumed to be true for purposes of ruling on the legal sufficiency of the pleading. And, as was true of its predecessor, the demurrer, a motion to strike must be denied "if facts provable under the allegations would support a . . . cause of action". See Alarm Applications Co. v. SimsburyVolunteer Fire Co., 179 Conn. 541, 545 (1980), and cases cited therein. In indemnification cases the Supreme Court has held that the question of exclusive control over the situation is ordinarily a matter for the jury. Weintraub v. Richard DahnInc., 188 Conn. 570, 573 (1982).
As framed by the parties in this case, the critical question is just what was "the situation", that is, "the dangerous condition that gives rise to the accident", Skuzinskiv. Bouchard Fuels, Inc., 240 Conn. 694, 706 (1997), and who had control over it. As the facts have been alleged in the complaint and the cross complaint, both of these questions seem to me to be for the jury to determine. One can easily imagine evidence that would persuade a jury that the skating rink did all it could to control the careless actions of the skaters named in the cross complaint, to no avail, and that it was their continued negligent skating which was the dangerous situation leading to the plaintiff's damages. Conversely, the evidence could show that the rink ignored the negligence of the skaters, thereby creating the "dangerous condition that (gave) rise to the accident". In either case I see no reason to take that question from the jury by way of the third party defendant's motion to strike. This is not one of those "rare examples" in which the "question of exclusive control . . . may properly be decided as a question of lawn". Ibid. CT Page 367
Accordingly, since the cross complaint is legally sufficient to state a cause of action, the objection to the motion to strike is sustained, and the motion is denied.
BY THE COURT
Shortall, J.