## ALFONS SKUZINSKI *v.* BOUCHARD
## FUELS, INC., ET AL.
## (15564)

Callahan, C. J., and Norcott, Palmer, McDonald and Peters, Js.

Argued February 18—officially released May 6, 1997

*William F. Gallagher*, with whom were *Kurt D. Koehler, Thomas J. Airone, Joseph Trotta* and *Erica Todd*, for the appellants (defendants).

*Ann Grunbeck Monaghan*, with whom were *John L. Hayes* and, on the brief, *Lloyd D. Petersen*, for the appellees (third party defendants).

*Opinion*

PETERS, J. The principal issue in this appeal is whether, as a condition to a common law action for indemnification, a tortfeasor must establish the existence of an independent relationship between itself and the joint tortfeasor from which it seeks indemnity. The plaintiff, Alfons Skuzinski, filed a complaint seeking damages for personal injuries that he had sustained when he was struck by a truck operated by the defendant Brian Bouchard and owned by the defendant Bouchard Fuels, Inc. (Bouchard).[1] Bouchard then filed a third party complaint against the third party defendants, C.B.C. Associates (C.B.C.) and V.S.F., Inc., doing busi-

---

[1] Because of the identity of interest between the two defendants, we will refer to them jointly as Bouchard.

ness as Clearview Liquor Shoppe (Clearview), in which Bouchard alleged that it was entitled to indemnity because the failure of the third party defendants to clear snow from their sidewalk had caused the plaintiff to walk in the adjacent street, where he was injured. The trial court granted the third party defendants' motions to strike the third party complaint and subsequently rendered judgment in their favor. After a jury trial, the plaintiff recovered damages from Bouchard in the amount of $1,400,000. Bouchard appealed to the Appellate Court from the judgment in favor of the third party defendants,[2] and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court, but on alternate grounds.

"In an appeal from a judgment granting a motion to strike, we operate in accordance with well established principles. We take the facts to be those alleged in the [third party] complaint that has been stricken and we construe the [third party] complaint in the manner most favorable to sustaining its legal sufficiency." *Bohan* v. *Last*, 236 Conn. 670, 674, 674 A.2d 839 (1996); *Waters* v. *Autuori*, 236 Conn. 820, 825, 676 A.2d 357 (1996); *RK Constructors, Inc.* v. *Fusco Corp.*, 231 Conn. 381, 384, 650 A.2d 153 (1994).

In its third party complaint, Bouchard alleged, inter alia, that C.B.C. controlled and operated premises located at 192 Hall Avenue in Meriden and that Clearview was in the business of selling alcoholic beverages on those premises. Bouchard also alleged that, prior to the accident, the plaintiff had entered the premises of the third party defendants, as an invitee, and had purchased alcoholic beverages there. Bouchard further

---

[2] Although Bouchard also appealed to the Appellate Court from the issues arising out of the judgment on the verdict for the plaintiff, that part of its appeal has been withdrawn.

alleged that the third party defendants had failed to remove snow on the sidewalk in front of their premises and had failed to warn the plaintiff of the risks associated with the existing snow cover, and that, as a result, after having made his purchases, the plaintiff proceeded to walk in the street on Hall Avenue, where he was struck by Bouchard's truck. The third party complaint contains no allegation, however, of any independent legal relationship of any kind between Bouchard and the third party defendants. As the trial court observed in so ruling in its memorandum of decision: "The relationship between these parties was clearly random and unanticipated . . . ."

The question that we must decide is whether Bouchard's third party complaint is legally sufficient to state a cause of action for common law indemnity. "Ordinarily there is no right of indemnity or contribution between joint tort-feasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, we have distinguished between 'active or primary negligence,' and 'passive or secondary negligence.' . . . Indemnity shifts the impact of liability from passive joint tortfeasors to active ones." (Citations omitted; internal quotation marks omitted.) *Kyrtatas* v. *Stop & Shop, Inc.,* 205 Conn. 694, 697–98, 535 A.2d 357 (1988); *Burkert* v. *Petrol Plus of Naugatuck, Inc.,* 216 Conn. 65, 74, 579 A.2d 26 (1990); *Kaplan* v. *Merberg Wrecking Corp.,* 152 Conn. 405, 412–16, 207 A.2d 732 (1965).[3]

---

[3] In an action for indemnity, as distinguished from an action for contribution, one tortfeasor seeks to impose total liability upon another. The doc-

For the purposes of the present appeal, the parties agree that, under these precedents, Bouchard's third party complaint must allege facts sufficient to establish at least four separate elements in order to maintain a common law action for indemnity. These elements are:. "(1) that the other tortfeasor was negligent; (2) that [that] negligence, rather than [Bouchard's], was the direct, immediate cause of the accident and injuries; (3) that [the other tortfeasor] was in control of the situation to the exclusion of [Bouchard]; and (4) that [Bouchard] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." *Kyrtatas* v. *Stop & Shop, Inc.*, supra, 205 Conn. 698; *Burkert* v. *Petrol Plus of Naugatuck, Inc.*, supra, 216 Conn. 74; *Kaplan* v. *Merberg Wrecking Corp.*, supra, 152 Conn. 416.

I

The trial court did not rule expressly on whether Bouchard's third party complaint contained allegations sufficient to satisfy the established four part standard. Instead, it granted the third party defendants' motion to strike on the ground that the third party complaint did not contain allegations of fact sufficient to establish an independent relationship between the parties, a fifth element for a common law action of indemnity that had been articulated by the Appellate Court in *Atkinson* v. *Berloni*, 23 Conn. App. 325, 327–28, 580 A.2d 84 (1990). Bouchard claims that this ruling was improper. We have

---

trines of indemnification and contribution are based on fundamentally different principles. "[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest, while contribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others." *Kaplan* v. *Merberg Wrecking Corp.*, supra, 152 Conn. 412; see 4 Restatement (Second), Torts § 886B, comment (a) (1979); 3 F. Harper, F. James & O. Gray, Torts (2d Ed. 1986) § 10.2, p. 58 n.57.

not previously considered whether an independent legal relationship between the indemnitor and the indemnitee is an additional fifth element that a complaint sounding in common law indemnity must satisfy in all cases. We conclude today that our existing precedents contain no such universal requirement and that we should not engraft it onto our existing case law.

In *Atkinson*, the Appellate Court held that "[i]mplicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Id., 327. Recognizing that such an overarching requirement had not been expressly articulated in Connecticut cases dealing with claims for indemnification, the Appellate Court held, nonetheless, that the absence of an independent legal relationship was the implied common thread in the cases in which claims for indemnification had been disallowed. Id., 328.

As the Appellate Court in *Atkinson* acknowledged, however, our precedents have required the showing of a special antecedent legal relationship only in the context of indemnification claims between joint tortfeasors that arise in the context of our workers' compensation law. Id., 327. Statutory law provides that, for most purposes, workers' compensation payments are the exclusive source of remedy against an injured employee's employer. General Statutes § 31-284 (a); see also *Bouley* v. *Norwich*, 222 Conn. 744, 751–52, 610 A.2d 1245 (1992); *Pokorny* v. *Getta's Garage*, 219 Conn. 439, 454–55, 594 A.2d 446 (1991). In view of the exclusivity of workers' compensation relief, indemnity claims against employers as joint tortfeasors warrant the special additional limitation of an independent legal relationship. *Ferryman* v. *Groton*, 212 Conn. 138, 143–45, 561 A.2d 432 (1989); *Farm Bureau Mutual Automobile Ins. Co.* v. *Kohn Bros. Tobacco Co.*, 141 Conn. 539, 545, 107 A.2d 406 (1954). In other contexts, although claims for

common law indemnification have sometimes been denied, the reason has not been the absence of an independent legal relationship.[4] The third party defendants have cited no precedent, and we know of none, in which we have held that the legal duty of care that is at the core of all liability in tort; see *RK Constructors, Inc.* v. *Fusco Corp.*, supra, 231 Conn. 385–86; depends, in every common law indemnity case, upon proof of an implied or express antecedent relationship between the parties.

To bolster their claims that we should nonetheless impose such a requirement on claims for common law indemnity, the third party defendants urge us to consider the policy implications that flow from recent legislative changes in our tort law. Obviously, the legislature is free to make policy choices that expressly override existing common law precedents. Even in the absence of direct legislative modification of the common law principles that are at issue, legislative actions on related matters may have altered the overall legal landscape so significantly that the continued viability of existing common law precedents is placed in doubt. See, e.g., *Fahy* v. *Fahy*, 227 Conn. 505, 513–14, 630 A.2d 1328 (1993); *Hamm* v. *Taylor*, 180 Conn. 491, 494–95, 429 A.2d 946 (1980).

---

[4] The Appellate Court in *Atkinson* cited four cases in support of the proposition that, even outside the context of workers' compensation law, this court has not permitted indemnification in the absence of an antecedent legal relationship. See *Burkert* v. *Petrol Plus of Naugatuck, Inc.*, supra, 216 Conn. 65; *Malerba* v. *Cessna Aircraft Co.*, 210 Conn. 189, 554 A.2d 287 (1989); *Beaudoin* v. *Town Oil Co.*, 207 Conn. 575, 542 A.2d 1124 (1988); *Gino's Pizza of East Hartford, Inc.* v. *Kaplan*, 193 Conn. 135, 475 A.2d 305 (1984). None of these cases, however, supports the Appellate Court's blanket adoption of such a requirement. Although each case involved parties whose independent legal relationship existed prior to the action, in no case was this relationship or its absence a direct, or even indirect, factor in our decision. See *Williams* v. *Hoffman/New Yorker, Inc.*, 923 F. Sup. 350, 354 (D. Conn. 1996) (none of cases cited by Appellate Court suggests "either implicitly or explicitly, that an indemnitee fails to state an indemnity claim absent an independent legal relationship").

In this case, the third party defendants do not claim that the legislature expressly has overridden the common law of indemnity. Rather, they claim that the legislature impliedly has changed the ground rules for such common law claims by enacting General Statutes § 52-572h.[5] Contrary to our common law; see, e.g., *Biro* v. *Hill*, 214 Conn. 1, 6, 570 A.2d 182 (1990); § 52-572h now permits contribution among joint tortfeasors. The third party defendants claim that, as a result of this expansive statutory right to contribution, the common law of indemnity should be applied more restrictively. We are unpersuaded. The inferences that we draw from the enactment of § 52-572h must be guided by the express language of § 52-572h (j), which provides: "This section shall not impair any right to indemnity under existing law. Where one tortfeasor is entitled to indemnity from another, the right of the indemnitee is for indemnity and not contribution, and the indemnitor is not entitled to contribution from the indemnitee for any portion of his indemnity obligation." Read in its entirety, § 52-572h neither manifests any legislative intent to impose additional limitations on an action for indemnity nor furnishes a basis for our independent modification of the common law in this respect. See *Malerba* v. *Cessna Aircraft Co.*, 210 Conn. 189, 198–99, 554 A.2d 287 (1989).

We conclude, therefore, that contrary to the holding in *Atkinson* v. *Berloni*, supra, 23 Conn. App. 325, a

---

[5] General Statutes § 52-572h provides in relevant part: "(c) In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages . . . .

"(d) The proportionate share of damages for which each party is liable is calculated by multiplying the recoverable economic damages and the recoverable noneconomic damages by a fraction in which the numerator is the party's percentage of negligence . . . and the denominator is the total of the percentages of negligence . . . . Any percentage of negligence attrib-

third party plaintiff, outside the context of workers' compensation law, need not establish the existence of an independent legal relationship between itself and the alleged indemnitor as a condition for recovery on the basis of a common law claim for indemnity. See also *Williams* v. *Hoffman/New Yorker, Inc.*, 923 F. Sup. 350, 354–55 (D. Conn. 1996). The trial court improperly relied on this ground when it granted the third party defendants' motion to strike and their motion for judgment.

## II

Even though the judgment of the trial court in favor of the third party defendants cannot be sustained on the ground upon which the court rendered it, we nonetheless may affirm the court's judgment on a dispositive alternate ground for which there is support in the trial court record. See *Hallas* v. *Boehmke & Dobosz, Inc.*, 239 Conn. 658, 672, 686 A.2d 491 (1997); *Bernstein* v. *Nemeyer*, 213 Conn. 665, 669, 570 A.2d 164 (1990); *Favorite* v. *Miller*, 176 Conn. 310, 317, 407 A.2d 974 (1978). In their trial court motion to strike Bouchard's third party complaint, the third party defendants raised two grounds in addition, and unrelated, to their claim that Bouchard had failed to allege facts sufficient to establish an independent legal relationship between the parties.[6] The third party defendants now argue that these additional challenges to the sufficiency of Bouchard's third party complaint furnish alternate bases to sustain the trial court's judgment.

As the trial court noted, the third party defendants' motion to strike challenged the legal sufficiency of

---

utable to the claimant shall not be included in the denominator of the fraction. . . ."

[6] Before the transfer of the case to this court, the Appellate Court, over Bouchard's objection, granted the motion of the third party defendants to file a preliminary statement of issues presenting alternate grounds upon which the judgment of the trial court might be affirmed. See Practice Book § 4013 (a) (1).

Bouchard's third party complaint on the grounds that the third party complaint had failed to allege facts sufficient to establish that: (1) the third party defendants had exclusive control of the situation; and (2) Bouchard did not know of, nor did it have reason to anticipate, the alleged negligence of the third party defendants. See *Kyrtatas* v. *Stop & Shop, Inc.*, supra, 205 Conn. 698. Although the trial court's memorandum of decision is somewhat ambiguous, we are persuaded that the trial court dismissed Bouchard's third party complaint without ruling on the merits of either of these alternate claims. In the absence of a definitive trial court ruling, we might remand for further trial court proceedings, but we have decided, in the interests of judicial economy, to consider whether, as a matter of law, the trial court's judgment can be sustained on one of these alternate grounds. See *Almeida* v. *Liberty Mutual Ins. Co.*, 234 Conn. 817, 826, 663 A.2d 382 (1995).

We will confine our analysis to the first of these challenges to the validity of Bouchard's third party complaint. There is no dispute that, to maintain a common law action for indemnity, not based on statute or express contract, the facts alleged in Bouchard's third party complaint must establish that the third party defendants were "in control of the situation to the exclusion of [Bouchard]." *Kyrtatas* v. *Stop & Shop, Inc.*, supra, 205 Conn. 698; *Burkert* v. *Petrol Plus of Naugatuck, Inc.*, supra, 216 Conn. 74; *Kaplan* v. *Merberg Wrecking Corp.*, supra, 152 Conn. 416.

Bouchard contends that, for two reasons, we should not address the merits of the third party defendants' claim that the third party complaint does not allege facts sufficient to establish such exclusive control. First, Bouchard argues that the existing trial court record does not provide a proper basis for our consideration of the merits. Second, Bouchard argues that the issue of exclusive control is necessarily a question of

fact that cannot be resolved on a motion to strike. We disagree.

Bouchard's first claim, with respect to the adequacy of the record,[7] asserts that this court cannot adjudge whether the third party complaint sufficiently alleges exclusive control because Bouchard has not had the opportunity to amend the complaint to include the requisite allegations. As a result of the trial court's decision to premise its ruling on the absence of an allegation of an independent legal relationship, Bouchard contends that it was unable to file substitute pleadings directed to the issue of exclusive control. See Practice Book § 157 (permitting party to file substitute pleading after motion to strike has been granted). Had it been afforded the opportunity to file a new pleading, Bouchard contends that it would have alleged explicitly that the third party defendants, owning and operating a commercial establishment to which they had invited members of the public, exercised the requisite exclusive control by their failure to remove snow from their sidewalk. We are persuaded, however, that these additional explicit allegations are implicit in the third party complaint as originally filed, and we will construe the third party complaint accordingly. So construed, the record is adequate for us to proceed.

In the alternative, Bouchard claims that the question of exclusive control should not be resolved on a motion to strike because the absence or presence of exclusive control is a question of fact. That is ordinarily the applicable rule. *Weintraub* v. *Richard Dahn, Inc.*, 188 Conn. 570, 573, 452 A.2d 117 (1982); *Kaplan* v. *Merberg Wreck-*

---

[7] Since September 3, 1996, the rules of appellate procedure have required the appellee to provide an adequate record for the presentation of the appellee's claims. See Practice Book § 4007, official commentary. The prior rule, which was in effect at the time that the present appeal was filed, made it the responsibility of the appellant to provide an adequate record for review. See Practice Book § 4061.

*ing Corp.*, supra, 152 Conn. 418. Nonetheless, special circumstances may give rise to the question of whether, in light of the facts alleged in the third party complaint, any reasonable juror could find that the third party defendants had exclusive control of the situation. Under such circumstances, this issue becomes a question of law. Cf. *Abrahams* v. *Young & Rubicam, Inc.*, 240 Conn. 300, 307, 692 A.2d 709 (1997); *Hallas* v. *Boehmke & Dobosz, Inc.*, supra, 239 Conn. 674.

In this case, the question of exclusive control is one of the rare examples in which the issue may properly be decided as a question of law. We are persuaded that this is the proper characterization because the disagreement between the parties on this issue does not, upon close examination, turn upon any meaningful dispute about the alleged facts. We will assume that Bouchard has sufficiently alleged: (1) that the third party defendants had exclusive control over the snow covered sidewalk in front of their premises; (2) that they negligently had failed to clear the sidewalk or to warn the plaintiff of the danger created by their failure to do so; (3) and that their negligence had "forced" the plaintiff to walk on Hall Avenue, where he was injured. We also note, however, that at oral argument, Bouchard conceded that it did not claim that the unremoved snow had resulted in an encroachment on or an obstruction of Hall Avenue. The question thus posed is whether, if these facts were proven, any reasonable juror could find that Bouchard had met its burden of establishing that the third party defendants were in exclusive control of "the situation."

We need not decide today the broad question of whether any potential indemnitor can ever be found to have been in "exclusive control" of a public street.[8]

[8] We recognize, however, cases in which other courts have held that a public street is not under the exclusive control of a private party. See *Spacy* v. *Stout's Feed & Supply*, 512 S.W.2d 849, 851 (Mo. App. 1974); *Traders*

We address only the narrower question raised by the circumstances of this case, namely, whether the exercise of exclusive control over a sidewalk, by failing to remove its snow cover, can be equated to the exercise of exclusive control over "the situation," that is to say over an accident caused by an unrelated party and occurring in the adjoining public roadway. It is plausible to define exclusive control over "the situation" as exclusive control over the dangerous condition that gives rise to the accident. See *Unicore, Inc.* v. *Tennessee Valley Authority*, 768 F.2d 109, 114 (6th Cir. 1985) (no indemnification for manufacturer of welding materials from employer because employer's failure to ventilate workplace did not create dangerous condition that injured employee welders); *Mas* v. *Two Bridges Associates*, 75 N.Y.2d 680, 690–91, 554 N.E.2d 1257, 555 N.Y.S.2d 669 (1990) (indemnification for building owner from elevator maintenance company for injury to tenant arising out of malfunctioning elevator). We conclude that, under the factual scenario alleged in Bouchard's third party complaint, no reasonable juror could find that the third party defendants had exclusive control over the situation. The third party defendants, therefore, properly moved to strike the third party complaint, and the trial court properly rendered judgment in their favor.[9]

The judgment is affirmed.

In this opinion CALLAHAN, C. J., and NORCOTT and PALMER, Js., concurred.

---

*Compress Co.* v. *Steigler*, 197 Okla. 204, 205, 169 P.2d 205 (1946); *Flank* v. *Philadelphia Transportation Co.*, 203 Pa. Super. 474, 478, 201 A.2d 225 (1964).

[9] In light of this conclusion, we need not address the claim of the third party defendants that Bouchard's complaint was properly stricken because it failed to allege that Bouchard did not know of, or have reason to anticipate, the negligence of the third party defendants.

MCDONALD, J., concurring. I join in the majority's disposition of this appeal.

I do not believe, however, that we should jettison the requirement that a party must show a legal relation to another from whom indemnity is claimed as enunciated in *Atkinson* v. *Berloni*, 23 Conn. App. 325, 327–28, 580 A.2d 84 (1990). Where a person is not in control of the situation and that person's negligence is not the direct, immediate cause of an injury, that person may be liable only if he or she has some kind of legal relationship with the negligent party in exclusive control of the situation whose negligence is the direct, immediate cause. The requirement of a legal relationship, therefore, is inherent in a claim for indemnity under the direct negligence and exclusive control of the situation elements of *Kaplan* v. *Merberg Wrecking Corp.*, 152 Conn. 405, 416, 207 A.2d 732 (1965).

Other jurisdictions require a preexisting legal relationship between the parties as an element of an indemnity claim. See *Ringsby Truck Lines, Inc.* v. *Bradfield*, 193 Colo. 151, 155, 563 P.2d 939 (1977) ("the notion that indemnification must be based on some legal relationship or duty imposed by statutory or common law has long been implicit in the 'primary tortfeasor' requirement of our case law"); *Frazer* v. *A. F. Munsteram, Inc.*, 123 Ill. 2d 245, 254, 527 N.E.2d 148 (1988); *Central Telephone Co.* v. *Fixtures Mfg. Corp.*, 103 Nev. 298, 300, 738 P.2d 510 (1987) ("[i]ndemnity is not available in a case involving joint or concurrent tortfeasors having no legal relation to one another, and each owing a duty of care to the injured party"); see *Washington Electric Co-op.* v. *Massachusetts Municipal Wholesale Electric Co.*, 894 F. Sup. 777, 786–87 (D. Vt. 1995).

In 1859, this court, in *Bailey* v. *Bussing*, 28 Conn. 455 (1859), limited indemnification to those cases where the indemnitee's liability existed "in the eye of the law,

growing out of a mere relation to the perpetrator of the wrong"; id., 459; or "only by implication, or legal inference from a supposed relation to . . . the actual wrong doer." Id., 458; see J. Steigelfest, "The Common Law of Indemnification," Connecticut Lawyer 3, 5 (March 1994). This rule serves to bar indemnity claims between joint tortfeasors, otherwise strangers in law, that will surely be attempted in its absence.

In *Atkinson* v. *Berloni*, supra, 23 Conn. App. 327–28, the Appellate Court correctly recognized this requirement. The trial court in this case did so as well.

Accordingly, I concur.