[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:INTERVENING PLAINTIFF'S MOTION FOR SUMMARYJUDGMENT AS TO DEFENDANT'S COUNTER CLAIM, #123
Presently before this court is the intervening plaintiff's motion for summary judgment on defendant's counterclaim.
The plaintiff, Joseph Savino, instituted this action against the defendant, Robert Christensen d/b/a J. Christensen Snowplowing (Christensen) on February 21, 1995. In his one count complaint, Savino alleges that due to Christensen's failure to clear snow and ice from the parking lot of Savino's employer, Savino fell and sustained various injuries. May 30, 1995, the court granted permission to Savino's employer, Petroleum Heat and Power Company d/b/a Kasden-Elm City Fuel (Kasden), to intervene in the suit as coplaintiff. Kasden's intervening complaint alleges that, as Savino's employer, it was obligated under the Workers' Compensation Act to compensate Savino for his injuries, and therefore it should be reimbursed by any damages recovered by Savino from Christensen. Christensen, in response, filed a counterclaim on June 8, 1995, seeking indemnification from Kasden CT Page 4336 by virtue of an alleged oral agreement existing between the two parties prior to Savino's fall. On November 17, 1997, Kasden moved for summary judgment with respect to Christensen's counterclaim on the ground that there is no genuine issue of material fact alleged in the counterclaim. Kasden contends that no independent legal relationship exists between the parties, a necessary precondition for an indemnification claim arising within the context of workers' compensation.
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500. "A material fact has been defined adequately and simply as a fact which will make a difference in the result of a case." Williams v. Best Cleaners Inc., 237 Conn. 490, 500 n. 11.
As Christensen's indemnification counterclaim arose in the context of workers' compensation law, the existence of an independent legal relationship between itself and Kasden is essential to its claim. "Statutory law provides that, for most purposes workers compensation payments are the exclusive source of remedy against an injured employee's employer. General Statutes § 31-284 (a). . . . In view of the exclusivity of the workers' compensation relief, indemnity claims against employers as joint tortfeasors warrant the special limitation of an independent legal relationship. " Skuzinski v. Bouchard Fuels,Inc., 240 Conn. 694, 699. Therefore, "if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed." Ferryman v.Groton, 212 Conn. 138, 144-45. As such, for the intervening plaintiff to prevail on its motion for summary judgment, it has the burden of demonstrating that there is no material issue that no independent legal duty exists between itself and the defendant as a matter of law.
The element of an independent legal relationship for an indemnification claim may be based on a contractual relationship between the third-party plaintiff and the third-party defendant.Burkert v. Petrol Plus Naugatuck Inc., 216 Conn. 65, 74; Ferrymanv. Groton, supra, 145.
In this case, the parties had an oral agreement or contract for the removal of snow and ice on Kasden's premises prior to Savino's fall that may give rise to an independent legal CT Page 4337 relationship to support a claim for indemnity.
In view of the parties' pleadings and opposing affidavits, genuine issues of material fact exist with respect to the actual terms of the oral agreement, and also whether an independent legal relationship exists between the parties which may support a claim for indemnity.
Accordingly the motion is denied.
Ronald J. Fracasse Judge of the Superior Court