[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION THIRD PARTY DEFENDANT'S MOTION TO STRIKE #180
The issue herein is whether the third party defendant's motion to strike the defendant's indemnification complaint should be granted for failure to state a claim upon which relief may be granted as the first party plaintiff's complaint alleges both a statutory CUTPA claim along with common law causes of action, and there is no implied right of indemnification in a CUTPA cause of action. The court denies the third party defendant's motion to strike on the ground that the motion to strike is directed toward the entire complaint, and the complaint contains sufficient factual allegations to support a claim for indemnification with respect to the first party plaintiff's common law claims irrespective of the CUTPA claim. CT Page 6151
On November 24, 1995, Cheryl Williams (Williams), the plaintiff and administratrix of the estate of Raymond Williams, Jr., filed this action against the defendants James and Patricia McKenney (McKenneys). Williams is also the mother and next friend of the other plaintiffs in this action, Chrysten Marhefki, Melissa Williams, and Katelynn Williams. The plaintiffs' claims arise from an apartment fire which took the life of Williams' three year old son, Raymond Williams, Jr.
In their original complaint, the plaintiffs only named the McKenneys as defendants because of their ownership of the apartment building where the fire occurred. The plaintiffs' revised complaint, however, filed on March 11, 1997, also named Ascione Electric, Inc. (Ascione), and John P. Waitkus D/B/A J S Waitkus Electric (Waitkus) as additional defendants.
The plaintiffs' revised complaint alleges that the plaintiff and her children were the lawful tenants of a top floor apartment in a three story apartment building owned by the McKenneys. On March 8, 1995, in the early morning hours, a fire broke out on the second floor of the building and spread to the third floor. At the time of the fire, Williams was not at home, but her children were in the apartment with a babysitter, Pam Caviasca. Although Caviasca, Chrysten Marhefki, Melissa Williams, and Katelynn Williams were awakened and able to escape the fire, Raymond Williams Jr. was unable to be retrieved or evacuated. As a result, he suffered fatal injuries.
The plaintiffs' revised complaint alleges numerous claims against all the defendants, including both statutory and common law causes of action. For instance, the plaintiffs allege claims of wrongful death, negligent and intentional infliction of emotional distress, and violations of General Statutes § 42-110a, the Connecticut Unfair Trade Practices Act.
On July 28, 1997, the McKenneys filed a revised third party complaint against Waitkus, in which the McKenneys claimed that they were entitled to indemnification from Waitkus based upon the "active/passive negligence" doctrine implied in common law indemnity actions. It is this revised third party complaint that is the target of Waitkus' motion to strike currently before the court.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to CT Page 6152 state a claim upon relief can be granted." Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." R.K. Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
(1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Citation omitted.) Knight v. F.L. Roberts Co., 241 Conn. 466, 470,696 A.2d 1249 (1997).
The third party defendant Waitkus moves to strike the third party complaint on the ground that "[t]here is no implied right of indemnification within CUTPA. So long as the [p]laintiff's theory sounds in mixed causes of action which are not purely tort based, the [d]efendant [t]hird [p]arty [p]laintiff is constrained from seeking indemnification from the [t]hird [p]arty [d]efendant." Essentially, Waitkus argues that because the plaintiffs have alleged both statutory and common law causes of action against the McKenneys, the McKenneys are not entitled to indemnification from Waitkus for either their potential common law or CUTPA liability; the reason for this is that CUTPA does not include an implied right of indemnification.
The McKenneys argue in their memorandum of law in opposition to the third party defendant's motion to strike that simply because a CUTPA claim is alleged against them, as well as common law causes of action, they are not restricted from filing an indemnification claim against Waitkus with respect to the plaintiff's common law causes of action. As such, the McKenneys argue that they have alleged sufficient facts in their revised third party complaint to support an indemnification claim against Waitkus with respect to the underlying common law claims, and therefore the motion to strike should be denied.
"Ordinarily there is no right of indemnity or contribution between joint tort-feasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct and immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, we have distinguished between active or CT Page 6153 primary negligence and passive or secondary negligence. . . . Indemnity shifts the impact of liability from passive joint tortfeasors to active ones." (Citations omitted; internal quotation marks omitted.) Skuzinski v. Bouchard Fuels, Inc.,240 Conn. 694, 697, 694 A.2d 788 (1997).
"[A] third party complaint must allege facts sufficient to establish at least four separate elements in order to maintain a common law action for indemnity." Skuzinski v. Bouchard Fuels,Inc., supra, 240 Conn. 698. These elements are: "(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the [third party] plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the [third party] plaintiff; and (4) that the [third party] plaintiff did not know of the negligence, had no reason to anticipate it, and could reasonable rely on the other tortfeasor not to be negligent." Kyrtatas v.Stop Shop, Inc., 205 Conn. 694, 698, 535 A.2d 357 (1988).
In the present case, the McKenneys' revised third party complaint alleges that Waitkus was negligent in his installation of the electrical wiring in their building and that Waitkus' negligence was the direct, primary, and immediate cause of the plaintiffs' injuries. Rev. Third P. Cmplt ¶¶ 4-5. The McKenneys also allege that Waitkus was in exclusive control of the premises where the injuries occurred, and that they had no reason to anticipate the negligence of Waitkus. Rev. Third P. Cmplt ¶ 6. Finally, the McKenneys allege that they reasonably relied on Waitkus not to be negligent. Rev. Third P. Cmplt ¶ 7. Therefore, on the face of the revised third party complaint, all the elements of a valid indemnification claim have been alleged.
In light of the foregoing, it is not necessary to determine whether Waitkus' argument is valid, for a motion to strike directed towards an entire complaint must fail if any parts of the complaint are found to be legally sufficient. See Knight v.F.L. Roberts Co., supra, 241 Conn. 470; Waters v. Autori,236 Conn. 820, 826, 676 A.2d 357 (1996). Nonetheless, Waitkus' argument that the McKenneys' indemnification complaint is not legally viable because CUTPA does not allow for indemnification is not supported by any case law. Moreover, the McKenneys' indemnification claim does not purport to be based upon CUTPA at all, but rather it states that it seeks indemnification from Waitkus with respect to the first party plaintiff's claims CT Page 6154 against them for wrongful death and emotional distress. As such, the McKenneys are entitled to seek indemnification from Waitkus if their indemnification complaint is alleged properly.
The revised third party complaint sufficiently alleges facts that would support a claim for indemnification, and therefore the court denies the third party defendant's motion to strike the revised third party complaint.
KULAWIS, J.