[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO STRIKE (#135)
On April 9, 1997, Dwight and Louise Long, the plaintiffs, commenced an eight count negligence action against five defendants, McDonald's Corporation (McDonald's), R K Spero Enterprises, the State of Connecticut, Services America Corporation, and the Canteen Corporation (Canteen). The present action is based on slip and fall accidents which occurred at a McDonald's Restaurant located at the Madison Rest Area on I-95 in Madison, Connecticut. McDonald's leases the property; R K Spero Enterprises Corporation operates the restaurant as a franchisee; Service America Corporation subleases vending space in the McDonald's restaurant; and Canteen provides services for the vending machines.
On April 24, 1995, the Longs sustained injuries due to respective falls they experienced while visiting the McDonald's Restaurant. Louise Long fell as she proceeded up the walkway leading into the restaurant allegedly due to the accumulation of debris on said walkway. While exiting the restaurant, both Dwight and Louise Long fell inside the restaurant due to the presence of water on the restaurant's floor. Allegedly, the water leaked from the vending machines in the restaurant onto the floor.
On May 2, 1997, Canteen moved to implead Coca Cola Bottling Company of New York, Inc. (Coca Cola) and Dixie Narco, Inc. On March 6, 1998, Canteen filed a revised three count third party complaint. Counts one and two seek indemnification and contribution respectively, against Coca Cola. Count three, asserted against Dixie Narco seeks indemnification under product CT Page 10397 liability law.
Coca Cola now moves to strike counts one and two of the third party complaint on the grounds that: 1) Canteen has failed to allege that Coca Cola was in exclusive control of the situation; and 2) Canteen improperly claims contribution, specifically the right of contribution exists only in post judgment proceedings. On May 14, 1998, Canteen filed a memorandum in opposition.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotations marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26, 676 A.2d 357
(1996).
 A. First Count — Indemnification
Coca Cola argues that count one of the third party complaint is legally insufficient, because Canteen has failed to allege that Coca Cola was in exclusive control of the situation. Coca Cola asserts that in order to maintain an indemnification claim, Canteen must allege the four separate elements outlined inSkuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 698,694 A.2d 788 (1997): 1) that the other tortfeasor was negligent; 2) that the other tortfeasor's negligence, was the direct, immediate cause of the accident and injuries; 3) that the other tortfeasor was in control of the situation to the exclusion of the joint tortfeasor; and 4) that the joint tortfeasor did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent. Coca Cola maintains that the third party complaint fails to allege that Coca Cola was in exclusive control of the situation, therefore the first count should be stricken.
In opposition Canteen contends that Coca Cola'a actions and omissions were the proximate cause of the plaintiff's injuries. Also, Canteen maintains it has alleged facts which demonstrate exclusive control by Coca Cola and the absence of the words CT Page 10398 "exclusive" or "control" does not undermine its claim.
"[T]o maintain a common law action for indemnity, not based on statute or express contract, the facts alleged in . . . [the] third party complaint must establish that the third party defendants were in control of the situation to the exclusion of [the joint tortfeasor]. . . ." Skuzinski v. Bouchard Fuels,Inc., supra, 240 Conn. 703.
"[T]he question of exclusive control should not be resolved on a motion to strike because the absence or presence of exclusive control is a question of fact. That is ordinarily the applicable rule. . . . Nonetheless, special circumstances may give rise to the question of whether, in light of the facts alleged in the third party complaint, any reasonable juror could find that the third party defendants had exclusive control of the situation. Under such circumstances, this issue becomes a question of law. . . ." (Citations omitted.) Id., 704. "It is plausible to define exclusive control over the situation as exclusive control over the dangerous condition that gives rise to the accident. . . ." Id., 706.
Canteen alleges that Coca Cola's acts and omissions caused the plaintiff's injuries. (Third-Party Complaint, Count One ¶ 3.) Canteen claims that Coca Cola negligently altered or modified the vending machines and as a result, the machines subsequently started to leak. (Third-Party Complaint, Count One ¶ 3.) Canteen alleges that Coca Cola's negligence was the direct and proximate cause of the plaintiff's injuries. (Third-Party Complaint, Count One ¶ 4.)
The question of exclusive control should not be decided on a motion to strike because determination of exclusive control is a question of fact. See Skuzinski v. Bouchard Fuels, Inc., supra,240 Conn. 704. The issue of exclusive control only becomes a question of law if special circumstances give rise to the question of whether any reasonable jury could find that the third party defendant had exclusive control of the situation. InSkuzinski, the court addressed the issue of exclusive control on a motion to strike, because the court found that the disagreement between the parties did not turn upon any meaningful dispute about the alleged facts.
In the present case, Canteen does allege facts that would imply that Coca Cola was in exclusive control of the situation. CT Page 10399 Canteen claims Coca Cola altered or modified the vending machines that caused them to leak and consequently caused the accumulation of water upon which the plaintiffs slipped while in the McDonald's Restaurant. (Third-Party Complaint, Count One ¶ 3.) To support its motion, the third party defendant only asserts that Canteen has failed to allege exclusive control over the situation. Although, Canteen does not specifically use the words "exclusive" or "control", the facts pleaded appear to sufficiently imply that Coca Cola had exclusive control of the functional aspects of the vending machines.
Several trial court decisions have relied on the guidelines set forth in Skuzinski to determine whether the circumstances of the case created a situation where the question of exclusive control became a question of law as opposed to a question of fact, and as a source for the recognized meaning of "exclusive control". See Saucier v. 5-D's Skating Center, Inc., Superior Court, judicial district of Waterbury, Docket No. 131232 (January 7, 1998, Shortall, J.) (exclusive control over the situation, that is, exclusive control over the dangerous condition that gives rise to the accident); Hartt v. Schwartz,
Superior Court, judicial district of New Haven at New Haven, Docket No. 331912 (December 3, 1997, Silbert, J.) (exclusive control required by our case law is not exclusive control of the premises but exclusive control of the situation); Disantis v.International Vault, Inc., Superior Court, judicial district of Waterbury, Docket No. 114658 (September 15, 1997, Pellegrino, J.) (question of exclusive control should not be resolved on a motion to strike because the absence or presence of exclusive control is a question of fact); Gladding v. Saren, Superior Court, judicial district of Danbury at Danbury, Docket No. 327219 (November 17, 1997, Stodolink, J.) (the question of whether or not one is in control of the situation is ordinarily a question of fact); and Beverage v. Every, Superior Court, judicial district of Litchfield, Docket No. 070898 (November 12, 1997, Picket, State Judge Referee) (issues of causation and exclusive control are not properly decided upon a motion to strike).
This court denies the third party defendant's motion to strike count one of the third party complaint. Canteen has alleged facts from which a reasonable jury could find that Coca Cola was in exclusive control of the situation in question. Therefore, this is not a circumstance where the question of exclusive control is a question of law, that can be addressed by a motion to strike. CT Page 10400
B. Second Count — Contribution
The defendant asserts that Canteen's contribution claim is legally insufficient because the right to contribution exists only in post judgment proceedings under General Statutes §52-572h(h); a third party defendant is not a liable defendant for purposes of § 52-572h(g); and that damages may not be apportioned to a third party defendant, because apportionment is authorized only with respect to the parties of the first party action.
In opposition, Canteen maintains that it is not seeking apportionment, so the defendant's reference to apportionment is irrelevant. Canteen asserts it is entitled to contribution for any judgment which may be entered against it as a result of the Longs' complaint. Also, Canteen asserts that bringing a second action for contribution after judgment would constitute a waste of judicial resources and Coca Cola has not cited any appellate decisions to support its arguments.
"[T]he right to contribution exists only in post judgment proceedings pursuant to General Statutes § 52-572h(h). . . ." (Citations omitted.) Royal Insurance Co. v. Padula, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 540730 (May 8, 1997, Hale, J.T.R.). Canteen has made a premature claim for contribution. Although, Canteen alleges that the plaintiff's injuries were due to the acts or omissions of Coca Cola, Canteen has not alleged nor has a judgment been rendered in the underlying action so neither Canteen nor any other defendants have been found liable. General Statutes §52-572h(h)(1) provides that, "[a] right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay more than their proportionate share of suchjudgment." (Emphasis added.) Based on the statutes and case law interpreting the statutes, the right of contribution does not arise until after a judgment has been rendered where more than one defendant has been found liable and such liability has been allocated, because the right of contribution is pursuant to subsection (g)[1], which allows for the reallocation of uncollectible damages. The reallocation discussed in subsection (g) follows from subsection (c)[2] which directs the court to proportion damages based upon liability among the defendants except as provided for in subsection (g). The language of the statute indicates that the right of contribution exists after judgment CT Page 10401 has been rendered, liability has been assessed, damages proportionately split among co-defendants, a reallocation of any uncollectible amount, and a defendant is actually required to pay an amount in excess of its proportionate share. Gurton v. Boardof Education, Superior Court, judicial district of New Haven, Docket No. 304261 (April 9, 1991; Hodgson, J.) (3 Conn. L. Rptr. 452, 453); Rondeau v. Ritenour, Superior Court, judicial district of Bridgeport at Bridgeport, Docket No. 256627 (March 28, 1990, Spear, J.) (1 Conn. L. Rptr. 413, 414). Most trial courts have held that the right of contribution exists only in postjudgment proceedings. See White v. B.J.W. Car Rental, Superior Court, judicial district of Waterbury, Docket No. 101178 (May 3, 1993, Sullivan, J.) (8 C.S.C.R. 565); Forader v. Windsor Lodge #2060,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 377891 (May 7, 1991, Stengel, J.) (6 C.S.C.R. 529);Gurton v. Board of Education, supra, (3 Conn. L. Rptr. 453);Rondeau v. Ritenour, supra, (1 Conn. L. Rptr. 414).
Some courts have suggested that the right to contribution may be asserted through a third party complaint prior to judgment.Lombardi v. Johnstone, Superior Court, judicial district of Waterbury, Docket No. 088434 (April 17, 1939, Healey, S.T.R.) (4 C.S.C.R. 386); Hinkley v. Whipple, Superior Court, judicial district of Tolland at Rockville, Docket No. 042880 (December 13, 1989, Mack, J.) (5 C.S.C.R. 114). The reasoning in these cases, however, did not directly examine the validity of filing a contribution claim through a third party complaint. In bothLombardi and Hinkley the court was deciding a motion to cite an additional defendant into the respective pending actions. Neither decision provides a careful scrutiny of § 52-572h as opposed to the reasoning in more recent decisions such as Gurton andForader. Therefore, the defendant's motion to strike count two of the third party complaint is granted, because a right to contribution exists only after final judgment and the court has reallocated liability among liable co-defendants.
John W. Moran, Judge.