[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Nicole Zaccagnini P/P/A Deborah Zaccagnini (plaintiff) and Deborah Zaccagnini, instituted this proceeding against the defendants, Laidlaw Transit, Inc. and Jane Doe, in a four count complaint. That complaint alleges the following facts. On or about February 1, 1994 at approximately 2:45 p. m., the plaintiff was exiting school grounds when she slipped and fell on a sidewalk due to the accumulation of ice and snow. At the same time and place, Doe was operating a school bus near the sidewalk on school grounds. Doe carelessly and negligently caused the bus to strike and run over plaintiff's foot, thereby causing the plaintiff to suffer serious injuries.
Laidlaw Transit, Inc. has filed a third party complaint seeking indemnification from the third party defendant, Lorraina Feccorota. It alleges that the accident was a direct result of the third party defendant's negligent conduct in that the third party defendant grabbed the plaintiff causing the latter to lose her balance and fall.
The third party defendant now moves to strike the third party complaint. This motion is based upon the ground that the third party complaint is defective because it fails to allege that the third party defendant negligently operated a motor vehicle. That defendant contends that as a result of this defect, the third party complaint does not contain sufficient facts to establish that the defendant had exclusive control over the situation.
In order to maintain a common law action for indemnity, the facts alleged in the third party complaint must establish, inter alia, that the third party defendant was in control of the situation to the exclusion of the third party plaintiff (1997). "It is plausible to define exclusive control over `the situation' as exclusive control over the dangerous condition that gives rise to the accident." Ordinarily, the absence or presence of exclusive control is a question of fact that should not be resolved on a motion to strike. "Nonetheless, special circumstances may give rise to the question of whether. in light of the facts alleged in the third party complaint, any reasonable juror could find that the third party defendants had exclusive control of the situation. Under such circumstances, this issue becomes a question of law." Skuzinski v. Bouchard Fuels, Inc.,240 Conn. 694, 703-06.
The present case is not "one of the rare examples in which the issue may properly be decided as a question of law."Skuzinski v. Bouchard Fuels. Inc., supra, 705. Based upon the facts alleged in the third party complaint, a reasonable juror could conclude that the third party defendant's negligence caused the plaintiff's foot to be placed in the path of the school bus. The third party complaint need not allege that the third party defendant negligently operated a motor vehicle. See Weintraub v.Richard Dahn, Inc., 188 Conn. 570, (1982). The motion to strike the third party complaint is, accordingly, denied.
Moraghan, J.