[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#170)
This lawsuit arises out of property damage allegedly sustained at 92 Strong Street, Ext., East Haven, Connecticut. The plaintiffs claim that on or about February 29, 1996 part of their building collapsed due to blasting activity in the vicinity of 92 Strong Street Ext. In their complaint, the plaintiffs have pursued two legal theories. As to defendant Nationwide Mutual Fire Insurance Company ("Nationwide"), the plaintiffs assert a claim for breach of an insurance contract for failure to pay a claim allegedly covered by a homeowners insurance policy. As to the other defendants, the plaintiffs assert a claim in tort alleging that the property damage was the result of negligent and careless blasting activity. Among the defendants named in the tort counts is Richard M. Hosley and Sons, Inc. ("Hosley"). In its Second Revised Cross-Claim dated October 20, 2000, Nationwide asserts that it is entitled to indemnification from the tort defendants for any amount Nationwide is held liable to pay to the plaintiffs. The Cross-Claim also alleges alternatively that to the extent it is found liable to the plaintiff, Nationwide is subrogated to any rights the plaintiff may have against the tort defendants. The Second Count of the Cross-Claim is directed at Hosley and alleges .both the indemnification and subrogation claims.
Hosley has moved to strike the Second Count of the Cross-Claim on two grounds. First, it asserts that Nationwide has failed to plead a cause of CT Page 477 action for common law indemnification. Second, it claims that Nationwide's subrogation action is not ripe. For the reasons set forth below, the motion to strike the common law indemnification claim is granted and the motion to strike the subrogation claim is denied.
 DISCUSSION I STANDARD: MOTION TO STRIKE 
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any . . . cross-claim . . . the party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. For purposes of a motion to strike, the moving party admits all facts well pleaded. RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 382 n. 2 (1994). The moving party, however does not admit legal conclusions that are unsupported by the facts alleged. NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 215 (1992).
While it is generally improper to attack specific paragraphs of a pleading, such an attack is allowed where the paragraph attempts to state a cause of action. Zimmerman v. Connecticut College, Superior Court Judicial District of New London, Docket No. 544623 (July 2, 1998, Handy J.).
 II COMMON LAW INDEMNIFICATION 
Hosley's first claim is that the Second Count of the Cross-Claim does not adequately plead a cause of action for common law indemnification.
Indemnity is an action by which one party is able to shift the loss entirely to a party whose fault was substantially greater than that of the indemnitee. 3 Harper, James and Gray, The Law of Torts, § 10.2, 58 n. 57. The Restatement (Second) Torts § 886 B(1) describes indemnity between joint tortfeasors as follows:
"If two persons are liable in tort to a third person for the same harm and one of them discharges the liability of both, he is entitled to indemnity from the other if the other would be unjustly enriched at his expense by the discharge of the liability."
Connecticut's law on indemnity is in accord with § 886B. Skuzinskiv. Bouchard Fuels, Inc., 240 Conn. 694, 697 n. 3 (1997). CT Page 478
As the above makes clear, indemnity is a loss-shifting mechanism applicable to joint tortfeasors. In the present case, Nationwide's liability to the plaintiffs, if any, is based on contract and not tort. The notions of active/passive negligence that underlie common law indemnification are inapplicable to the relationship between Nationwide and Hosley.
Hosley's motion to strike Nationwide's common law indemnification claim must be granted.
 III SUBROGATION 
Hosley claims that Nationwide cannot assert its subrogation claim now because it has not made any payments to the plaintiffs. While such a position may have held merit at common law, the modern approach encourages resolution in one action of all disputes that arise out of the same transaction that gave rise to the plaintiff's claim. Stephenson, Connecticut Civil Procedure, 3rd Edition, § 86.
It is now clear that with respect to impleader actions brought pursuant General Statutes § 52-102a, the right to institute the action is no longer dependent upon the present existence of a right to relief.Schurgast v. Shuman, 156 Conn. 471, 487 (1968). In Meyer v. Valley ForgeInsurance Co., 1991 WL 61178 (Conn. Super 1991) (Super. CT. Judicial District of Fairfield at Bridgeport, Maiocco J.) the court, in a well reasoned opinion, rejected the argument that an insurers claim to subrogation is legally insufficient prior to judgment entering against the insurer in the underlying claim. While Meyer v. Valley ForgeInsurance Co., involved a third party complaint, the reasoning is applicable to Nationwide's Cross-Claim in the present action. Indeed the language of Practice Book § 10-10 appears to require such an interpretation. As applicable here, § 10-10 provides:
 A defendant may also file a . . . cross claim under this section against any other party to the action for purpose of establishing that party's liability to the defendant for all or part of the plaintiff's claim against that defendant
The motion to strike the subrogation claim set forth in the Second Count of the Cross-Claim is denied.
 CONCLUSION 
CT Page 479
The motion to strike the common law indemnification claim alleged in the Second Count of the Cross-Claim is granted. The motion to strike the subrogation claim alleged in the Second-Count of the Cross-Claim is denied.
Devlin, J.