[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE (#126) MOTION TO STRIKE THIRD-PARTY COMPLAINT
On October 6, 2000, the original plaintiff, Sarah Lee, filed a one-count complaint against the defendant, Brave Industries, Inc. (Brave Industries), for damages she allegedly sustained when she was operating a log splitter that was sold and manufactured by Brave Industries. Lee alleges that on or about April 10, 1999, while she was using the log splitter as it was intended to be used, her right forearm became trapped in the splitter, causing multiple crush and fracture injuries to her arm. Lee brought this action pursuant to the Product Liability Act, General Statutes § 52-572 et seq., alleging that her injuries were a result of Brave Industries' design, manufacture, and distribution of a defective product as well as its failure to provide adequate warnings.
On September 13, 2002, Brave Industries filed a one-count revised third-party complaint asserting a common-law indemnification claim against Eric A. Erickson, a consumer who allegedly loaned the log splitter to Lee on several occasions, including on or about the date of the accident. Brave Industries alleges that Erickson was in control of the situation and events of the date of the accident, to the exclusion of Brave Industries and that Erickson did not properly provide Lee with physical instructions or an instruction manual for the log splitter.
On October 11, 2002, Erickson filed a motion to strike the revised third-party complaint, together with a supporting memorandum of law, on the ground that the indemnification claim is legally insufficient because Brave Industries fails to allege sufficient facts to establish that Erickson was in "exclusive control" of the situation, an element necessary to maintain a common law claim of indemnification. Erickson maintains that the situation that gave rise to Lee's injuries is the design and manufacture of the log splitter, rather than Erickson's mere failure to properly instruct Lee as to its use.
On November 1, 2002, Brave Industries filed a memorandum of law in CT Page 2367 opposition to Erickson's motion to strike, in which it contends that whether Erickson was in exclusive control of the situation is a question of fact that cannot be decided on a motion to strike. Additionally, Brave Industries argues that a reasonable jury could find Erickson's conduct in purchasing and loaning the log splitter to Lee, as well as his negligence in instructing Lee on its use, or his failure to properly instruct her, to be the direct, primary and active cause of the accident.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the [nonmovant] . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). On the other hand, "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 618 A.2d 25 (1992).
"In an action for indemnity . . . one tortfeasor seeks to impose total liability upon another . . . [I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest . . ." Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 697-98
n. 3, 694 A.2d 788 (1997). "Indemnity shifts the impact of liability from passive joint tortfeasors to active ones." (Internal quotation marks omitted.) Id., 697. Accordingly, in order to maintain a common law action for indemnity against Erickson, Brave Industries must allege facts sufficient to establish: "(1) that [Erickson] was negligent; (2) that [Erickson's] negligence, rather than [Brave Industries'], was the direct, immediate cause of the accident and injuries; (3) that [Erickson] was in control of the situation to the exclusion of [Brave Industries]; and (4) that [Brave Industries] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on [Erickson] not to be negligent." (Internal quotation marks omitted.) Id., 698.
Erickson's motion to strike is premised on his contention that Brave Industries' third-party complaint fails to allege sufficient facts to support the element of exclusive control. Erickson argues that although the question of exclusive control is ordinarily one of fact and not appropriately resolved on a motion to strike, in special circumstances, such as exist in the present case, the issue becomes a question of law if CT Page 2368 no reasonable juror could find that the third-party defendant had control of the situation that gave rise to the accident to the exclusion of the third-party plaintiff. Accordingly, Erickson argues that the motion to strike should be granted.
The general rule is that the question involving the absence or presence of exclusive control is not resolved by a motion to strike because it presents a question of fact. Id., 704. "Nonetheless, special circumstances may give rise to the question of whether, in light of the facts alleged in the third-party complaint, any reasonable juror could find that the third-party defendants had exclusive control of the situation. Under such circumstances, this issue becomes a question of law." Id., 705. "The question thus posed is whether, if these facts were proven, any reasonable juror could find that the third-party defendants were in exclusive control of `the situation.'" Id.
Our Supreme Court has stated that, "[it] is plausible to define exclusive control over `the situation' as exclusive control over the dangerous condition that gives rise to the accident." Id., 706. For example, in Skuzinski v. Bouchard, the Supreme Court found that under the facts alleged in that case, the third-party defendants' exercise of exclusive control over a sidewalk could not be equated to their exercise of exclusive control over an accident that was caused by an unrelated party and occurred in the adjoining public roadway even though the third-party defendants' failure to remove snow from the sidewalk caused the plaintiff to walk on the street. Id. The Supreme Court decided, as a matter of law, that under the facts alleged in the third-party complaint, no reasonable juror could find that the third-party defendant had exclusive control of the situation. Id.
Even more factually analogous to the present case is Skrzyniarz v.Votto, Superior Court, complex litigation docket of Norwich-New London at Norwich, Docket No. X04 CV 00 0122390 (August 29, 2001, Koletsky, J.). InSkrzyniarz, the plaintiffs commenced an action against the defendants for damages they sustained when their son was injured by the blade of a lawn tractor after he fell off the tractor, which was being operated by the defendants' minor son. The defendants subsequently filed an apportionment complaint against, inter alia, Husqvarna, who designed, manufactured and distributed the tractor. Husqvarna filed a cross claim against the defendants seeking indemnification due to their negligence in failing to supervise their son and failing to provide him with sufficient training in the use of the tractor. Husqvarna alleged that such negligence was the direct and immediate cause of the plaintiffs' injuries. The defendants moved to strike the cross claim. The court granted the motion to strike stating: "The Husqvarna defendants will be found liable only if they have CT Page 2369 manufactured, designed or distributed a defective product. If the plaintiffs fail to prove defective design or failure to provide adequate warnings, the Husqvarna defendants will prevail and indemnification will not be an issue. Conversely, if the Husqvama defendants are found liable under the product liability act, it is beyond cavil that the Votto defendants, as purchasers of that product, were not in control of the design, manufacture or distribution of the product. [Under such a scenario] no reasonable juror could find that the Votto defendants had exclusive control over that situation." Skrzyniarz v. Votto, supra, Docket No. X04 CV 00 0122390. The court found the issue of control to be a question of law and held that the cross claim failed to allege sufficient facts to establish that the defendants were in control of the situation to the exclusion of Husqvarna, thus the court granted the defendants' motion to strike Husqvarna's cross claim.
In the present case, as in Skrzyniarz v. Votto, the issue of exclusive control is properly decided as a matter of law. In the instant case, the facts alleged in the third-party revised complaint, taken to be true for purposes of this motion, indicate that Erickson purchased the log splitter purchased for his joint use with Lee and that Lee had borrowed the log splitter from Erickson on several prior occasions. Brave Industries also alleges that Erickson provided Lee with the operator's manual and instructed her on how to use the log splitter, but does not allege that Lee used the log splitter in an improper or unsafe manner. Rather, Brave Industries alleges that it was Erickson's failure to properly provide Lee with the instructions and the manual that was the cause of the accident. (Revised Third-Party Complaint, ¶ 7 and 9.) As previously noted, however, Erickson's control over the circumstances in which Lee used the log splitter does not equate to his exercise of exclusive control of the condition that caused her to be injured. Moreover, Brave Industries does not allege that the log splitter was not defective when it was manufactured or sold to Erickson or that it was altered or modified after Erickson purchased it.
Even assuming the truth of Brave Industries' factual allegations, no reasonable juror could find that Erickson was in control of the situation to the exclusion of Brave Industries.
For the foregoing reasons, the motion of the third-party Erickson to strike the third-party complaint is hereby granted.
By the Court,
Joseph W. Doherty, Judge CT Page 2370