SUMMARY ORDER
Plaintiff-Appellant Horace Mann Insurance Company (“HM”) appeals from a decision of the United States District Court for the District of Connecticut granting the motion of Defendant-Appellee Nationwide Mutual Insurance Company (“Nationwide”) for summary judgment on HM’s claims for common-law indemnification and equitable subrogation. We assume the parties’ familiarity with the underlying facts, procedural history, and issues presented for review.
HM’s contention that the District Court’s decision as to HM’s claim for common-law indemnification should be reversed is unavailing. Although, under Connecticut common law, there is ordinarily no right to indemnity between joint tortfeasors, see Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 694 A.2d 788, 790 (1997), a passive and secondary tortfeasor may recover complete indemnification from an active and primary joint tortfeasor if it establishes each of the following elements:
(1) that the other tortfeasor was negligent; (2) that [the other tortfeasor’s] negligence, rather than the [original tortfeasor’s], was the direct, immediate cause of the accident and injuries; (3) that [the other tortfeasor] was in control of the situation to the exclusion of the [original tortfeasor]; and (4) that the [original tortfeasor] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.
Kyrtatas v. Stop & Shop, Inc., 205 Conn. 694, 535 A.2d 357, 359 (1988). As an initial matter, we note that, because an action for common-law indemnification is even potentially available only with regard to liability incurred by joint tortfeasors, see ATC P’ship v. Coats N. Am. Consol., Inc., 284 Conn. 537, 935 A.2d 115, 125 (2007), HM may bring an action for such indemnity only with regard to liability it incurred through tortious conduct, not for any liability arising from contract. For substantially the reasons stated by the District Court in its careful and thoughtful opinion, we conclude that HM failed to raise any genuine issues of material fact as to both whether Nationwide’s negligence was the direct and immediate cause of the injury underlying HM’s liability in tort and whether Nationwide was in exclusive control of the relevant situation. As a result, we agree with the District Court that a grant of summary judgment in favor of Nationwide was proper with regard to HM’s claim for common-law indemnification.
HM’s challenge to the District Court’s decision relating to HM’s claim for equitable subrogation is similarly meritless. Under Connecticut law, a party is entitled to equitable subrogation in “every instance in which [it], not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter.” Westchester Fire Ins. Co. v. Allstate Ins. Co., 236 Conn. 362, 672 A.2d 939, 944 (1996) (internal quotation marks omitted). The right to equitable subrogation arises not out of agreement between the parties, but rather out of equitable considerations. See id. It is “the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it.” Id. (internal quotation marks omitted). Once an equitable claim has *15 been raised, however, “the court retains its equitable jurisdiction to consider all of the equities before it in order to render complete justice.” Fellows v. Martin, 217 Conn. 57, 584 A.2d 458, 463 (1991); see also Wasko v. Manella, 269 Conn. 527, 849 A.2d 777, 787-91 (2004) (directly addressing equitable considerations involved in allowing equitable subrogation); DiLullo v. Joseph, 259 Conn. 847, 792 A.2d 819, 822-23 (2002) (same). For substantially the reasons stated by the District Court, we conclude that HM has failed to raise any genuine issue of material fact as to whether the relevant equitable considerations favor allowing it to pursue a cause of action for equitable subrogation in this matter. Accordingly, HM’s equitable subrogation claim must fail.
We have considered all of HM’s remaining contentions on this appeal and have found them to be without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.