[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE 
The plaintiff Inez Simon alleges that she sustained personal injuries as a result of an automobile accident between two vehicles, a truck owned by the defendant My Bread Baking Co. and driven by the defendant Jose Borges, and a car driven by the third-party defendant Canute Kelly in which the plaintiff was a passenger. The plaintiff filed the present action alleging negligence against My Bread Baking Co. and Borges [hereinafter "the third-party plaintiffs"]. Pursuant to General Statutes §§52-102b and 52-572h, the third-party plaintiffs filed an apportionment complaint against the third-party defendant, Canute Kelly.
Next, the third-party plaintiffs filed a third-party complaint against the third-party defendant seeking contribution or indemnification as a result of the third-party defendant's alleged negligence. Judge Mintz granted the third-party defendants motion to strike the original third-party complaint on April 19, 1999. Thereafter, the third-party plaintiffs filed an amended third-party complaint, and the third-party defendant filed a motion to strike that complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . [W]hat is necessarily implied in an allegation CT Page 13576 need not be expressly alleged." (Internal quotation marks omitted.) D'Amico v. Johnson, 53 Conn. App. 855, 859,733 A.2d 869 (1999). However, "[i]n deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Jacoby v.Brinckerhoff, 250 Conn. 86, 89, ___ A.2d ___ (1999).
The third-party defendant argues that the third-party plaintiffs are not entitled to contribution because there has not been a final judgment in the underlying action, which claim the third-party plaintiffs do not challenge. "There is no common law right of contribution among joint tortfeasors in Connecticut.Skuzinski v. Bouchard Fuels, Inc., [240 Conn. 694, 697,694 A.2d 788 (1997)]. There are, however, certain exceptions. Id. One of the exceptions is provided by General Statutes § 52-572h
(Tort Reform II). In actions based on negligence, General Statutes § 52-572h (g) provides for a right of contribution but only after a judgment has been rendered. `[T]he right of contribution arises only after: (1) the claimant has gone to final judgment, (2) the claimant has failed to collect from one or more liable defendants after making good faith efforts to do so, (3) the claimant has moved to open the judgment within one year after it becomes final for purposes of reallocation, (4) a reallocation is made by the court, and (5) a defendant is actually required to pay an amount in excess of his share of the original judgment.' Rondeau v. Ritenour, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 256627 (March 28, 1990, Spear, J.) (1 Conn. L. Rptr. 413). This holding is supported by the language of General Statutes §§ 52-572h (h) and 52-572h (g) which indicate that the right of contribution does not arise until a party pays more than its proportionate share of a judgment. `The right of action for contribution, which is equitable in origin, arises when, as between multiple parties jointly bound to pay a sum of money, one party is compelled to pay the entire sum. That party may then assert a right of contribution against the others for their proportionate share of the common obligation.' Hanover Ins. Co. v. Fireman's Fund Ins.
Co., 217 Conn. 340, 353, 586 A.2d 567 (1991)." Gladding v. Saren,
Superior Court, judicial district of Danbury at Danbury, Docket No. 327219 (November 17, 1997, Stodolink, J); see also Long v.CT Page 13577McDonald's Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 399076 (September 11, 1998, Moran, J.)South Beach Beverage Co. v. Elite Beverage Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348733 (July 16, 1998, Nadeau, J.); Franklin v. St. Luke's CommunityServices, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 116791 (March 30, 1995,Karazin, J.). Since this case has not reached a final judgment, the third-party plaintiffs have not stated a legally sufficient cause of action for contribution at this time.
The third-party defendant also contends that the court must strike the complaint because the third-party plaintiffs have not stated a legally sufficient cause of action for indemnification. The third-party plaintiffs argue that their complaint is legally sufficient because the amended third-party complaint alleges that the third-party defendant was "in control of the situation which lead to the alleged injuries of the plaintiff to the exclusion of the third-party plaintiffs."
"[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest, while contribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others." (Emphasis in original; internal quotation marks omitted.) Crotta v. Home Depot, Inc.,249 Conn. 634, 641-42 ___ A.2d ___ (1999). In order to maintain a common law action for indemnity, a plaintiff must allege sufficient facts to establish: "(1) that the other tortfeasor was negligent; (2) that [that] negligence, rather than [the third-party plaintiffs'], was the direct, immediate cause of the accident and injuries; (3) that [the other tortfeasor] was in control of the situation to the exclusion of [the third-party plaintiffs]; and (4) that [the third-party plaintiffs] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." Skuzinski v. Bouchard Fuels, Inc., supra,240 Conn. 698.
There is a split of authority in the superior court concerning whether an allegation in a third-party complaint that a third-party defendant was in "exclusive control of the situation" is legally sufficient to support an indemnity claim arising out of an automobile accident when both parties are alleged to have committed active negligence. Compare Pettyway v.CT Page 13578Gonzales, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345423 (January 12, 1999, Nadeau, J.) (concluding that it is possible that the third-party defendant driver was in exclusive control when the third-party plaintiffs alleged that he negligently slowed and stopped the vehicle with the plaintiff as a passenger); Gladding v. Saren, supra, Superior Court, Docket No. 327219 (holding third-party plaintiffs may state a cause of action for indemnification if the allegations are capable of being proven) with Sanclemente v. Wlaz, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 394430 (May 12, 1992, Aurigemma, J.) (followingMahoney v. Gibson, infra); and Mahoney v. Gibson, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 055256 (June 26, 1984, Lewis, J.) (holding that when the locus of the accident is a public highway and the defendants are two drivers charged with active negligence, it is not really possible for either driver to have control over the accident site).
According to both complaints, Borges and the third-party defendant operated their vehicles in a negligent manner. The third-party plaintiffs allege that the third-party defendant was negligent in several respects, including failing to keep a proper lookout for other vehicles on the highway, entering the path of the vehicle which constituted an immediate hazard to him in violation of General Statutes § 14-300c (b) and failing to give an appropriate turn signal in violation of General Statutes § 14-242. The plaintiff alleged in her complaint that Borges failed to keep a proper lookout, operated his truck at a greater speed than the conditions warranted and unlawfully and unsuccessfully attempted to pass the motor vehicle carrying the plaintiff on the right side on a one lane street in violation of General Statutes § 14-233.
The underlying allegations of this case present an automobile accident that occurred when Borges attempted to pass the third-party defendant on the right as the third-party defendant attempted to make a right turn. Based upon this factual scenario, a jury could not reasonably conclude that the third-party defendant was in exclusive control of the situation. Therefore, the third-party defendant's motion to strike must be granted.
So Ordered.
D'ANDREA, J. CT Page 13579