[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#113)
Facts
On May 4, 1999, the plaintiff, Martin Rowan, initiated an action against the defendant, Helen C. Briasco.[1] The amended complaint, filed June 25, 1999, alleges that Briasco hired John Fiderio Son Co., (Fiderio) to perform remodeling work at her residence in Middletown, Connecticut. Rowan, an employee of Fiderio, performed the work at Briasco' s residence. While in the course of his employment at Briasco' s residence, Rowan alleges that he sustained injuries when he tripped and fell on loose carpeting negligently maintained by Briasco.
On May 7, 1999, Fiderio filed a motion to intervene and for leave to file an intervening complaint, as well as an intervening complaint against Briasco. In the intervening complaint, Fiderio seeks to recoup expenses it paid, or may become obligated to pay, on behalf of Rowan under the Workers' Compensation Act. On June 25, 1999, Briasco filed a counterclaim[2] sounding in common law indemnification against Fiderio. In her counterclaim, Briasco alleges that Fiderio was the cause of Rowan's injuries in that it negligently inspected the work site and failed to instruct its employees on how to maintain a safe work environment.
Fiderio now moves to strike Briasco's counterclaim on the ground that it is barred by General Statutes § 31-284 (a), the exclusivity provision of the Workers' Compensation Act. For the reasons stated below, the court grants Fiderio's motion to strike.
Standard
"The purpose of a motion to strike is to contest . . . the CT Page 1024 legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v.United Technologies, 240 Conn. 576, 580, 693 A.2d 293 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.)Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996).
Discussion
In its memorandum of law in support of its motion to strike the counterclaim, Fiderio argues that the counterclaim fails to allege breach of an independent legal duty necessary to overcome the exclusivity provision of the Workers' Compensation Act. In her memorandum in opposition, Briasco argues that the exclusivity provision does not bar her counterclaim because she has pleaded that she had an independent legal relationship with Fiderio pursuant to the contract for home improvements. She further argues that under this contract, Fiderio breached an implied duty to perform the renovations in a workmanlike manner.
"Ordinarily there is no right of indemnity or contribution between joint tort-feasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to injury. . . ." (Citations omitted; internal quotation marks omitted.) Skuzinski v. Bouchard Fuels, Inc.,240 Conn. 694, 697-98, 694 A.2d 788 (1997).
The exclusivity provision of the Workers' Compensation Act, General Statutes § 31-284 (a), provides, in pertinent part: "An employer . . . shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . but an employer shall secure compensation for his employees as provided under this chapter. . . . All rights and claims between employer and employees . . . are abolished other than rights and claims given by this chapter . . ." CT Page 1025
"When the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third-party landlord harmless, or a bailee's obligation to indemnify a bailor, or a contractor's obligation to perform his work with due care; but when the indemnity claim rests upon the theory that a `primary' wrongdoer impliedly promises to indemnify a `secondary' wrongdoer, the great majority of jurisdictions disallow this claim." (Citation omitted; internal quotation marks omitted.) Ferryman v. Groton, 212 Conn. 138, 144-45, 561 A.2d 432
(1989).
"Thus, in order to plead outside the exclusivity of workers' compensation, it is essential that the third party properly alleges the required elements of indemnification as well as the existence of an independent duty between the parties." (Emphasis omitted.) Delvecchio v. Liberty Electric Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343903 (October 27, 1998, Melville, J.). "Although establishing an implied promise to indemnify or an independent duty . . . may overcome the workers' compensation exclusivity bar, courts have construed this exception very narrowly." Peterson v. Sabini, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327596 (August 23, 1996, Hauser, J.).
The counterclaim alleges that Briasco "entered into a contract for home improvements with the intervening plaintiff, [Fiderio]" and that Fiderio was in control of the improvements to the exclusion of Briasco. It further alleges that Fiderio was negligent in that it: failed to inspect the work site and ensure that it was safe; failed to instruct its employees on the proper manner of inspecting the work site to ensure that it was safe; failed to adequately direct its employees on the proper manner of carrying wallboard; and caused Rowan to work on stairs when it knew or should have known that Rowan's knee was in such a condition that it would make him likely to fall and injure himself. Lastly, the counterclaim alleges that Briasco had no CT Page 1026 reason to know of Fiderio's negligence.
The exclusivity provision of the Workers' Compensation Act bars the counterclaim because the counterclaim fails to allege breach of an independent duty or an implied promise of indemnity. The counterclaim merely alleges that Briasco entered into a contract for home renovations with Fiderio "without pointing to any specific contractual provision which could arguably give rise to an independent duty." Peterson v. Sabini, supra, Superior Court, Docket No. 327596. In her memorandum of law, Briasco argues that a duty to perform the renovations in a workmanlike manner was implied in the contract and that Fiderio breached this duty. Nonetheless, this duty and breach thereof are not set forth in the counterclaim itself.
It appears that Briasco is attempting to equate a duty to perform a contract in a workmanlike manner with a contractor's duty of due care, stated in Ferryman to be an independent legal duty which could avoid the exclusivity bar of the Workers' Compensation Act. "The agreement that the job be done in a workmanlike manner [however] does not necessarily imply that it be done in a safe manner or with due care." Scrivenes v.Pepperidge Farm, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 39946 (January 10, 1997,Corradino, J.). In order to "avoid the strong public policy requirements of the Workers' Compensation Act," there must be an explicit agreement to perform the work with due care. Id. In the present matter, the counterclaim fails to allege that Fiderio explicitly assumed an obligation of due care to Briasco.
Moreover, the counterclaim alleges breach of duties which seem to have been owed to its employee, Rowan. The counterclaim only alleges that Fiderio breached a duty to Briasco because Fiderio's negligence caused Rowan's injuries. The allegations are not based on any independent agreement between Briasco and Fiderio. Rather, the counterclaim is premised on the sole theory that Fiderio's negligence was the active cause of Rowan's injuries. In order to overcome the exclusivity bar of the Workers' Compensation Act, a claim for indemnification must allege an independent duty beyond "the theory that a `primary' wrongdoer impliedly promises to indemnify a `secondary' wrongdoer." Ferryman v. Groton, supra,212 Conn. 145. Accordingly, the counterclaim fails to allege breach of an independent duty sufficient to avoid the exclusivity provision of the Workers' Compensation Act. CT Page 1027
Conclusion
For the foregoing reasons, the court grants Fiderio's motion to strike the counterclaim.
It is so ordered.
By the court
Gordon, J.