[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
CT Page 8583
The underlying action claims that the plaintiff sustained personal injuries on premises which were allegedly in the possession and control of the defendant Metro-North Commuter Railroad Company. The plaintiffs employer Newfield Construction has intervened in the action, claiming that it has paid and will be required to pay compensation to its employee under the workers compensation act.
The defendant Metro-North claims, by way of counterclaim against the employer that it is entitled to indemnity against the employer Newfield Construction.
The plaintiff employer Newfield (defendant on the counterclaim) moves to strike the indemnity complaint. The employer claims that the counterclaim filed by Metro-North for indemnity against it fails to allege three requisites for common law indemnification.
First, that the employer was in exclusive control of the area of the plaintiffs fall; second, that it did not know of the employer's alleged negligence, had no reason to anticipate it and could reasonably have relied on the employer to act without the alleged negligence; third, that it has failed to allege any special relationship giving rise to an independent duty owed to the defendant by the employer.
The employer is correct in each of these claims. Third party complaints must allege facts sufficient to establish at least four separate elements in order to maintain a common law action for indemnity.
 "These elements are: (1) that the other tortfeasor was negligent; (2) that [that] negligence, rather than [Bouchard's], was the direct, immediate cause of the accident and injuries; (3) that [the other tortfeasor] was in control of the situation to the exclusion of [Bouchard]; and (4) that [Bouchard] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent."
 Skuzinski v. Bouchard Fuels, Inc. 240 Conn. 694, 698 (1997)
The counterclaim fails to allege any facts to establish criteria (2), (3), or (4) as set forth in the Skuzinski case, supra. CT Page 8584
In addition to these four elements the counterclaim, as it is against an employer who is liable under the worker's compensation act must satisfy a fifth criteria: "In view of the exclusivity of the workers compensation relief, indemnity claims against employers as joint tortfeasors warrants the special additional limitation of a an independent legal relationship." Skuzinski, supra, p. 699. See alsoFerryman v. Groton, 212 Conn. 138, 144, 145 (1989). There must be an independent duty towards the third party, if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed.
The counterclaim fails to allege facts which could support four of the five essential elements of a cause of action for indemnity.
The motion to strike the counterclaim for indemnity is granted.
 ________________________ L. Paul Sullivan