[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The cross-claim defendant, Investors Management Associates, Inc. (IMA), moves to strike the second count of the cross-claim complaint filed by the cross-claim plaintiff; Ellen Smith, on the ground that Smith does not allege a proper claim for common law or contractual indemnification. The relevant facts, as alleged in count two of the cross-claim complaint, are as follows.
On or about June 15, 1998, the Superior Court, Sferrazza, J., appointed IMA as receiver of rents for real property (court order) located at 161 High Street, Willimantic (premises). The order of the court gave IMA the responsibility of taking control, managing and paying the expenses of the premises. On August 2, 1998, the original minor plaintiff, Katiria DeJesus, allegedly sustained injuries in a fall from a balcony on the premises. IMA controlled and managed these premises on the date of the alleged accident. Smith claims that, pursuant to the June 15, 1998 order of the court, if she is found to be liable to the plaintiffs, then she has the right to be indemnified by IMA in the amount of the judgment. Count one of the cross-complaint sets forth a common law claim for indemnification. Count two of the cross-complaint sets forth a claim that Smith has a right to indemnification against IMA pursuant to the June 15, 1998 court order. Count three sets forth a common law indemnification claim against Steven Knower, the alleged property manager at the time of the accident.
IMA filed a motion to strike count two of the cross-complaint on October 26, 2000, and, in compliance with Practice Book § 10-42(a), submitted a supporting memorandum of law. Smith has, however, failed to submit a memorandum in opposition as required of any adverse party CT Page 579 opposing such a motion. See Practice Book § 10-42(b).
"Prior to the amendment of . . . Practice Book § 155 [now §10-42], a party who failed to timely file a memorandum of law in opposition to a motion to strike was deemed to have consented to the granting of the motion . . . With the deletion of [that provision] . . . the failure to timely file an opposing memorandum will not necessarily be fatal and the court may therefore address the merits of the motion. However, despite the amendment to . . . Practice Book § [10-42], the filing of a memorandum in opposition to a motion to strike [remains] mandatory and the failure to file such may still serve as a ground for granting a motion to strike." (Emphasis omitted; internal quotation marks omitted.) Barbagallo v. Rob's Automotive, Superior Court, judicial district of New Britain at New Britain, Docket No. 494861 (December 3, 1999, Wollenberg, J.) (26 Conn.L.Rptr. 90, 91); but see PhillipsIndustrial Service Corp. v. Connecticut Light Power Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 409665 (March 22, 1999, Levin, J.) ("a motion to strike may only be granted on grounds stated in Practice Book § 10-39" and not solely upon the adverse party's failure to file a timely memorandum in opposition). Compare Resigna v. Dept. of Mental Health Addiction Services, Superior Court, judicial district of Middlesex at Middletown, Docket No. 086683 (March 8, 1999, Gordon, J.) (granting a motion to strike because the plaintiff failed to file a memorandum in opposition), with Griffith v.Espada, Superior Court, judicial district of New Britain at New Britain, Docket No. 489998, (January 25, 1999, Robinson, J.) (exercising its discretion, the court considered the merits of the motion to strike despite the plaintiff's failure to file a memorandum in opposition). The court will consider the merits of IMA's motion to strike, despite Smith's failure to file an Opposing memorandum.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). "The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Brackets in original; internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997).
IMA argues that its motion to strike should be granted because Smith CT Page 580 fails to allege a proper claim for contractual indemnification. Specifically, IMA argues that Smith does not allege that a contract existed between them, and without such a contractual relationship, her claim for contractual indemnity in count two is improper. In addition, IMA argues that, as a matter of law, the court order cannot furnish the basis for a contractual indemnity claim.
"[I]n order to form a contract, generally there must be a bargain in which there is a manifestation of mutual assent to the exchange between two or more parties . . . and the identities of the contracting parties must be reasonably certain." (Citations omitted.) Ubysz v. DiPietro,185 Conn. 47, 51., 440 A.2d 830 (1981). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct."Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74. 579 A.2d 26
(1990). Smith has not alleged that an express contract existed between her and IMA, nor has she alleged any facts that could support any claim of an implied contract for indemnification.
"A true implied [in fact] contract can only exist where there is no express one. It is one which is inferred from the conduct of the parties though not expressed in words. Such a contract arises where a plaintiff; without being requested to do so, renders services under circumstances indicating that he expects to be paid therefor, and the defendant, knowing such circumstances, avails himself of the benefit of those services. In such a case, the law implies from the circumstances, a promise by the defendant to pay the plaintiff what those services are reasonably worth. . . .Both express contracts and contracts implied in fact are based on consent." (Brackets in original, citations omitted; internal quotation marks omitted.) Bershtein, Bershtein Bershtein v.Nemeth, 221 Conn. 236, 241-42, 603 A.2d 389 (1992).
"In distinction to an implied [in fact] contract, a quasi [or implied in law] contract is not a contract, but an obligation which the law creates out of the circumstances present, even though a party did not assume the obligation, and may not have intended but in fact actually dissented from it. . . .It is based on equitable principles to operate whenever justice requires compensation to be made. . . .With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed to examine the circumstances and the conduct of the patties and apply this standard." (Brackets in original, citations omitted; emphasis omitted; internal quotation marks omitted.) Id., 242. CT Page 581
Smith has not alleged any facts that could support a claim of implied-in-fact contract. All she has alleged is that the court appointed IMA as receiver of rents and that it ordered IMA to take control and management of the premises. Those allegations, without more, simply do not support any claim of indemnification based on contractual principles.
To the extent that count two may have intended to assert a common law claim of indemnification based upon tortious conduct, it has failed to allege the requisite elements of such a claim. "A plaintiff in an action for indemnification not based on statute or express contract . . . can recover indemnity . . . only by establishing four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiffs, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." Kyrtatas v. Stop Shop,Inc., 205 Conn. 694, 698, 535 A.2d 357 (1988); see also Skuzinski v.Bouchard Fuels, Inc., 240 Conn. 694, 697-98, 694 A.2d 788 (1997);Burkert v. Petrol Plus of Naugatuck, Inc., supra, 216 Conn. 74; Kaplanv. Merberg Wrecking Corp., 152 Conn. 405, 416, 207 A.2d 732 (1965).
By incorporating only the first ten paragraphs of count one, count two has merely alleged, in parts relevant to Smith, that IMA was in control of the situation to the exclusion of Smith, but has failed to alleged the other three elements. Count two has, therefore, failed to allege a tort-based indemnification claim. Even if the court were to hold that count two did support a tort-based claim, it would merely duplicate count one, which has alleged all the four elements of an indemnification claim based upon the distinction of active or primary negligence and passive or secondary negligence. See .Kyrtatas v. Stop Shop, Inc., supra,205 Conn. 698. Because count two has merely asserted a conclusion of law that is not supported by an facts alleged, the court grants the motion to strike. See Faulkner v. United Technologies Corp., supra, 240 Conn. 588.
FOLEY, J.