[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE #122
 I FACTS
The plaintiff, Courtney Marsh, commenced this action in negligence against the defendant, BD Molded Products, Inc., for injuries he allegedly sustained servicing the defendant's furnace while working for his employer. The plaintiff's employer, J.P. Salmini Company, Inc., filed a motion to intervene as co-plaintiff, which the court, Skolnick, J., CT Page 4257 granted. Salmini then filed an intervening complaint pursuant to General Statutes § 31-293 to recover the monies it has paid and may be obligated to pay the plaintiff under the Workers' Compensation Act.[1]
Along with its answer and special defenses to the intervening complaint, the defendant filed a two count counterclaim against Salmini seeking indemnification for any and all damages for which the defendant may be liable. In count one, the defendant alleges that Salmini serviced the furnace numerous times and to the exclusion of all others for ten years prior to the date the plaintiff was injured. The defendant asserts that this established that Salmini and the defendant had an independent legal relationship and that its claim for indemnification is based thereon. In the second count, the defendant alleges that Salmini agreed to perform its services in a good and workmanlike manner and that Salmini breached its duty to do so.
Salmini filed a motion to strike the counterclaim.
 II DISCUSSION
A motion to strike challenges the legal sufficiency of a pleading, and, consequently the court must take the facts to be those alleged in the complaint and construe the complaint in the manner most favorable to sustaining its legal sufficiency. Sherwood v. Danbury Hospital,252 Conn. 193, 212-13, 746 A.2d 730 (2000).
In its motion to strike, Salmini argues that the exclusivity provision of the Workers' Compensation Act, General Statutes § 31-284 (a),[2]
bars the defendant's indemnification action. Specifically, Salmini contends that the counterclaim should be stricken because the defendant fails to allege that an independent legal relationship existed between it and Salmini, and because the defendant failed to properly allege that Salmini has a duty to indemnify it. In response, the defendant argues that an independent legal relationship exists between it and Salmini because Salmini serviced the furnace to the exclusion of all others for a period of ten years prior to the accident. Further, the defendant argues that it relied on Salmini to service the furnace, and that Salmini was negligent in that it failed to warn the defendant of any potential problems with the furnace.
Ordinarily there is no right of indemnity or contribution between joint tort-feasors. Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a CT Page 4258 wrong, it is only fair that the former should bear the burden of damages due to the injury. Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694,697, 694 A.2d 788 (1997). "In an action for indemnity . . . one tortfeasor seeks to impose total liability upon another. . . . [I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest. . . ." (Internal quotation marks omitted.) Id., 697-98 n. 3.
When the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution or indemnification is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity recovery, in the form of indemnity may be allowed. (Internal quotation marks omitted.)Ferryman v. Groton, 212 Conn. 138, 144-45, 561 A.2d 432 (1989). Thus, in order to plead outside the exclusivity of workers' compensation act, it is essential that the third party properly alleges the required elements of indemnification as well as the existence of an independent duty between the parties. (Emphasis omitted.) Delvecchio v. Liberty ElectricCo., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343903 (October 27, 1998, Melville, J.). In this case, Salmini argues that although the defendant alleges that it had an independent relationship with Salmini, the defendant fails to allege how a duty to indemnify arose between the parties.
If a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the active or primary negligence of the party against whom reimbursement is sought.Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26
(1990). Such proof requires a plaintiff to establish four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent. Id. (Citations omitted; internal quotation marks omitted.)
In its counterclaim, the defendant alleges that: (1) the plaintiff's injury resulted from the active negligence of Salmini; (2) Salmini was negligent in failing to ascertain and advise the defendant that there was a problem with the furnace; (3) Salmini was responsible for the maintenance the furnace to the exclusion of all others; (4) the defendant did not know of Salmini's negligence and reasonably relied on it not to CT Page 4259 be negligent; and (5) an independent legal relationship existed between the defendant and Saimini. Furthermore, in count two, the defendant alleges that in servicing the furnace, Salmini agreed to perform its services in a good and workmanlike manner and that the plaintiff's injuries were caused by Salmini's failure to comply with this agreement.
The defendant has properly alleged the necessary elements of an indemnification claim to avoid the exclusivity provision of the Workers' Compensation Act. See Buonanducci v. Hoffman, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 571650 (March 17, 1998, Hennessey, J.) ("In viewing the allegations in the light most favorable to the pleader . . . (the defendant's] allegation of a contract, which creates an independent legal relationship between the parties, is a fact provable, and therefore, is sufficient to maintain the counterclaim. Whether the contract creates the necessary duty to indemnify that would preclude the operation of the exclusivity provision of the Workers' Compensation Act must be decided upon evidence presented at trial." (Citations omitted.) Accordingly, Salmini's motion to strike the defendant's counterclaim is hereby denied.
BY THE COURT,
Melville, Judge