[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE CROSS CLAIM
On March 7, 2000, the plaintiffs, Violet Skrzyniarz and Shawn Skrzyniarz (collectively "Skrzyniarz"), filed a six-count complaint against the defendants, John Votto, Brenda Votto and Stephen Votto (collectively "Votto"), for damages allegedly sustained when Shawn Skrzyniarz, a minor, injured his left foot and leg on the cutting blades of a moving lawn tractor, when he fell off the tractor which was being operated by Stephen Votto, the twelve year old son of John and Brenda Votto. On July 14, 2000, the Votto defendants filed an apportionment complaint against Martin Herasimovich and John Herasimovich, doing business as Yalesville Lawn and Garden Power Equipment ("Yalesville") and Husqvarna Forest and Garden Company, Husqvarna USA and White Consolidated CT Page 11651 Industries, Inc. (collectively "Husqvarna").
Pursuant to section 52-102b (d) of the Connecticut General Statutes, the plaintiffs filed an amended complaint asserting direct claims against Yalesville and the Husqvarna defendants. Yalesville sold the lawn tractor to John Votto; the Husqvarna defendants designed, manufactured and distributed the subject tractor.
The operative complaint is the second amended complaint dated May 7, 2001. The counts directed against the Votto defendants allege that the parents were negligent in allowing their minor son to operate the tractor, by failing to supervise him and by failing to provide their son with sufficient information and training as to the use of the tractor. It is alleged that Stephen Votto was negligent in failing to keep the lawnmower under control and by allowing Shawn Skrzyniarz to sit on the hood of the tractor while it was in operation. The allegations against the Husqvarna defendants include, inter alia, failure to provide a labeled and reasonably acceptable cut off switch for the operation of the mower blades, failure to equip the tractor with a continuous pressure pedal or hand pressure device which would require affirmative activity on the part of the operator to keep the mowing blades engaged and failure to provide adequate warnings as to the operation of the lawn tractor.
The Husqvarna defendants filed an answer to the plaintiffs' second amended complaint and a cross claim dated June 13, 2001 against the Votto defendants. The cross claim alleges that the Husqvarna defendants, if adjudged to be liable to the plaintiffs, are entitled to full indemnification from the Votto defendants because the negligence of the Votto defendants, in failing to supervise Stephen Votto in the operation of the lawn tractor and for allowing Shawn Skrzyniarz to ride on the hood of the lawn tractor, was the direct, immediate cause of the accident and plaintiffs' injuries.
By motion dated June 25, 2001, the Votto defendants move to strike the cross claim of the Husqvarna defendants. The court heard argument on the motion to strike on August 21, 2001.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint [or pleading] . . . to state a claim upon which relief can be granted." (Citation omitted; internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). The role of the trial court in ruling on a motion to strike is "to examine the [pleading], construed in favor of the [pleading party], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Citation omitted; internal quotation marks omitted.) Dodd v. MiddlesexCT Page 11652Mutual Assurance Company, 242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]." (Citation omitted; internal quotation marks omitted.)Faulkner, supra, 580. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The allegations in the cross claim of the Husqvarna defendants are based on principles of common law indemnification; there is no claim of contractual indemnification. The plaintiffs' claims against the Husqvarna defendants, as conceded by counsel at the time of oral argument, are product liability claims for defective design and failure to warn. The plaintiffs' claims against the Votto defendants, as noted above, are negligence claims. The actions of the Votto defendants which are alleged in the cross claim to be the direct and immediate cause of the plaintiffs' injuries are the same alleged acts of negligence detailed in the plaintiffs' second amended complaint. The Votto defendants contend that the principles of common law indemnification do not apply here because the Votto defendants were not in exclusive control of the situation.
"[I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the `active or primary negligence' of the party against whom reimbursement is sought."Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26
(1990). In order to prove active or primary negligence and recover as indemnitees, the Husqvarna defendants are required to satisfy the four criteria set forth in Kaplan v. Merberg Wrecking Corporation,152 Conn. 405, 416, 207 A.2d 732 (1965). The Husqvarna defendants would have to prove that at the time of the accident: 1) the Votto defendants were negligent; 2) the Votto defendants' negligence, rather than the actions chargeable to the Husqvarna defendants, was the direct, immediate cause of the accident and the resulting injuries; 3) the Votto defendants were in control of the situation to the exclusion of the Husqvarna defendants; and 4) the Husqvarna defendants did not know of the negligence of the Votto defendants, had no reason to anticipate it, and could reasonably rely on the Votto defendants not to be negligent.
Control is an essential element of primary negligence. Kaplan, supra, 416-417. Ordinarily, the absence or presence of exclusive control is a question of fact. Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 704,694 A.2d 788 (1997); Weintraub v. Richard Dahn, Inc., 188 Conn. 570,573, 452 A.2d 117 (1982). However, in certain circumstances, in light of the facts alleged, a court may come to the conclusion that no reasonable juror could conclude that a certain party had exclusive control of the CT Page 11653 situation. In such a case, the issue becomes a question of law.Skuzinski, supra, 705.
In the Skuzinski case, the plaintiff filed a personal injury action against Bouchard, the owner and operator of a truck. The plaintiff was struck by the truck when he exited a liquor store owned by Clearview and proceeded to walk in the street adjacent to Clearview's business. The plaintiff walked in the street because Clearview failed to remove the snow from the sidewalk in front of its building. Bouchard filed a third party complaint against Clearview for common law indemnification. The Connecticut Supreme Court upheld the decision of the trial court in striking the third party complaint because, as a matter of law, Clearview was not in exclusive control of the situation.
The facts as alleged in the present case, taken to be true for purposes of this motion to strike, are even more compelling than the facts in theSkuzinski case for concluding the Votto defendants were not in exclusive control of the situation. The Husqvarna defendants will be found liable only if they have manufactured, designed or distributed a defective product. If the plaintiffs fail to prove defective design or failure to provide adequate warnings, the Husqvarna defendants will prevail and indemnification will not be an issue. Conversely, if the Husqvarna defendants are found liable under the product liability act, it is beyond cavil that the Votto defendants, as purchasers of that product, were not in control of the design, manufacture or distribution of the product. No reasonable juror could find that the Votto defendants had exclusive control over that situation. For this reason, the court finds the issue of control to be a question of law and finds that the Votto defendants were not in control of the situation to the exclusion of the Husqvarna defendants.[1]
The motion of the Votto defendants to strike the cross claim of the Husqvarna defendants is granted.
BY THE COURT
Koletsky, J.