[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
 FACTS
CT Page 10830
On May 14, 2001, the plaintiffs, Grace Thomas and John Thomas, filed a two-count complaint against the defendant, Seaport Motor Inn (Seaport), arising out of injuries and losses allegedly sustained as a result of the plaintiff Grace Thomas' slip and fall on July 16, 1999 in a bathtub located in her motel room at the Seaport Motor Inn.
Count one of the complaint, brought by Grace Thomas, alleges negligence against Seaport for maintaining a defective bathtub on its premises. Count two, brought by her husband John Thomas, against Seaport alleges loss of consortium resulting from his wife Grace Thomas' injuries.
On December 21, 2001, Seaport filed a motion to implead third party defendant American Standard, Inc. (ASI) for indemnification. The motion to implead was granted on February 13, 2002, and, subsequently, on February 27, 2002, Seaport filed a third party complaint against ASI. The third party complaint seeks indemnification from ASI on the ground that the plaintiffs' injuries, if any, are the result of the defective condition of the bathtub and ASI, as the manufacturer and/or designer of the bathtub, is responsible for any such injuries. On April 29, 2002, ASI filed a motion to strike the third party complaint with an accompanying memorandum of law. On May 6, 2002, Seaport filed a memorandum in opposition to ASI's motion to strike.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.)Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, 698 A.2d 859 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Lombard v. Edward J.Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
ASI moves to strike the third party complaint on the ground that either the complaint fails to allege facts and elements necessary to the cause of action being pleaded or fails to set forth a cognizable cause of CT Page 10831 action. ASI moves on both grounds in its motion to strike because it is unclear as to whether the third party complaint is brought pursuant to the Product Liability Act or common law indemnification. (ASI's Memorandum of Law in Support of Motion to Strike, pp. 2-3.)
A. The Product Liability Act
ASI argues that Seaport's complaint, if brought pursuant to the Connecticut Product Liability Act, General Statutes § 52-572 et seq. (the Act), fails to state a claim upon which relief can be granted because the damages Seaport seeks are not recoverable thereunder. (ASI's Memorandum, p. 14.) ASI argues that Seaport seeks compensation for "commercial loss," which is specifically not compensable under the Act as between commercial parties. (ASI's Memorandum, pp. 14-15.)
Seaport counters that it has stated a claim upon which relief can be granted because, while the Act does not allow recovery for "commercial loss," the damages it seeks are not covered by the term "commercial loss" as it is used in the Act. (Seaport's Memorandum of Law in Opposition to Motion to Strike, pp. 4-9.)
At issue is the scope of the term "commercial loss" as it is used in the Act. In defining what types of harm are compensated under the Act, § 52-572m (d) provides that "`[h]arm' includes damage to property, including the product itself, and personal injuries including wrongful death. As between commercial parties. `harm' does not include commercialloss." (Emphasis added.) Section 52-572n (c) provides clarity and states: "As between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product liability claim. An action for commercial loss caused by a product may be brought only under, and shall be governed by, title 42a of the Uniform Commercial Code."
The term "commercial loss" is not defined within the Act and its meaning has not been definitively addressed by the Appellate Courts. As a result, two different definitions of "commercial loss" have been developed by the Superior Courts, one broader than the other. This broader definition of "commercial loss" is set forth in Producto MachineCo. v. Ajax Magnethermic Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 236005 (November 10, 1987, Burns,J.) (3 C.S.C.R. 66, 66-67), and provides that commercial loss is "economic injury, whether direct, incidental, or consequential, including property damage and damage to the product itself, incurred by persons regularly engaged in business activities consisting of providing goods or services in competition." (Internal quotation marks omitted). CT Page 10832
This court has previously expressed its view that the broader definition is more soundly reasoned. See H. Grodsky Co. v. UnitedStates Pipe Foundry Co. Superior Court, judicial district of New London at New London, Docket No. CV 533533 (January 24, 1996, Hurley, J.) (16 Conn.L.Rptr. 40, 41-42); see also Darien Country Club v. ClassicRoofing Co., Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV 95 9145817 (January 3, 2000, Mintz, J.); VanEpps v. Waterbury Donuts, Inc., Superior Court, judicial district of Waterbury, Docket No. CV 0144459 (May 4, 1999, Doherty, J.); LaMothe v.Reyelt, Superior Court, judicial district of Litchfield, Docket No. CV 95 0069418 (May 21, 1997, Draginis, J.) (19 Conn.L.Rptr. 545, 546).
Seaport's third party complaint seeks any monetary damages that may be assessed against it for injuries and losses sustained by the plaintiffs. The damages Seaport seeks recovery for, therefore, amount to "economic injury." See Darien County Club v. Classic Roofing Co. Inc., supra, Superior Court, Docket No. CV 95 0145817 (determining that because the third party plaintiff derives its damages from its potential liability to the plaintiff, they have alleged "commercial loss"); Van Epps v.Waterbury Donuts, Inc., supra, Superior Court, Docket No. CV 0144459 (finding that because the third party complaint seeks damages for any liability to the plaintiff it seeks recovery for economic injury and, thus, commercial loss); Gelormino v. J.C. Penny Company, Inc., Superior Court, judicial district of Litchfield, Docket No. CV 96 0067840 (May 22, 1997, Dranginis, J.) (finding that because the third party plaintiff sought indemnification only for its monetary liability to the plaintiff for her injuries, it was seeking compensation for commercial loss and suit was therefore barred by the Product Liability Act); LaMothe v.Reyelt, supra, 19 Conn.L.Rptr. 546-47 (granting the motion to strike a count of the third party complaint because it sought indemnification for liability as a result of the plaintiffs injuries and, thus, for commercial loss).
Seaport therefore seeks compensation for "commercial loss" pursuant to the analysis set forth in Producto Machine Co., Accordingly, Seaport's complaint alleges injuries not compensable by the Act and is legally insufficient.
B. Common Law Indemnification
ASI argues that Seaport's complaint, if brought seeking common law indemnification, is legally insufficient because (1) Seaport's exclusive remedy is under the Act or the Uniform Commercial Code and (2) that there are no facts alleged to show that ASI was in control of the situation that caused the plaintiffs injuries to the exclusion of Seaport. (ASI's Memorandum, p. 4.) CT Page 10833
Seaport counters that common law indemnification is a viable cause of action in the context of product liability claims. (Seaport's Memorandum, p. 13.) Seaport further counters that its indemnification claim is legally sufficient because it has alleged sufficient facts to show that ASI was in exclusive control of the situation that caused the plaintiffs injuries. (Seaport's Memorandum, p. 10.)
"Indemnity involves a claim for reimbursement in frill from one who is claimed to be primarily liable." Atkinson v. Berloni, 23 Conn. App. 325,326, 580 A.2d 84 (1990). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or in some tortious conduct." Burkert v. Petrol Plus ofNaugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990). When a claim is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the "active or passive negligence" of the party against whom reimbursement is sought. Id. "Such proof requires a plaintiff to establish four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiffs, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Internal quotation marks omitted.) Id.
In support of its assertion that common law indemnification claims can be brought in the context of a product liability action Seaport cites toMalerba v. Cessna Aircraft Co., 210 Conn. 189, 198, 554 A.2d 287 (1989). In Malerba, the court held that common law indemnification continues as a viable cause of action in the context of a product liability claim.Malerba v. Cessna Aircraft Co., supra, 210 Conn. 198. Malerba is distinguishable, however, from the present case because in Malerba, neither of the third party defendants were "product sellers," as the term is defined in the Act.
General Statutes Section 52-572m (a) defines a "product seller" as "any person or entity, including a manufacturer . . . who is engaged in the business of selling such products whether the sale is for resale or for use or consumption." In its third party complaint, Seaport alleges that "American Standard is a product seller within the meaning of Connecticut General Statute § 52-572m et seq." (Seaport's Complaint, ¶ 9.)
The law is clear with respect to claims against product sellers. General Statutes § 52-572n (a) provides "[a] product liability claim . . . may be asserted and shall be in lieu of all other claims againstCT Page 10834product sellers, including actions of negligence . . . for harm caused by a product." See also Burkert v. Petrol Plus of Naugatuck, Inc., supra,216 Conn. 73. "It is now beyond dispute that the provision [§ 572n(a)] provides the exclusive remedy for a claim falling within its scope, thereby denying a claimant the option of bringing common law causes of action for the same claim." (Internal quotation marks omitted.)Allard v. Liberty Oil Equipment Co., 253 Conn. 787, 800, 756 A.2d 237
(2000).
Accordingly, because Seaport alleges that ASI is a product seller, its exclusive remedy is under the Act.
Additionally, even if the Act does not preclude Seaport from seeking common law indemnification, the third party complaint should still be stricken because Seaport has not alleged legally sufficient facts to support a claim for common law indemnification. Specifically, Seaport has not sufficiently alleged that ASI was in exclusive control of the situation to the exclusion of Seaport.
Seaport alleges in its third party complaint that the bathtub was "designed and/or manufactured by [ASI]" and that ASI, to the exclusion of Seaport, "exercised control over the design, manufacture, testing, warnings, marketing and distribution of the subject tub." (Seaport's Complaint, ¶ 7).
Though the absence or presence of exclusive control in a given case is usually a question of fact not appropriately resolved on a motion to strike, "special circumstances may give rise to the question of whether, in light of the facts alleged in the third party complaint, any reasonable juror could find that the third party defendants had exclusive control of the situation. Under such circumstances, this issue becomes a question of law." Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 705,694 A.2d 788 (1997).
Although Seaport alleges that ASI had exclusive control over the design and manufacture of the bathtub, it does not allege that ASI was inexclusive control of the situation that caused the plaintiff's injuries. Our Supreme Court has stated that "[i]t is plausible to define exclusive control over `the situation' as exclusive control over the dangerous condition that gives rise to the accident." Skuzinski v. Bouchard, supra, 240 Conn. 706. The plaintiffs' allegations set forth in the complaint effectively define the "dangerous condition" giving rise to the accident. They state that their injuries are due, at least in part, to Seaport's actions in that it negligently maintained, kept and controlled the bathtub, allowed the bathtub to remain in disrepair without safety strips, non-slip treatment, handlebars and/or safety rails, allowed the CT Page 10835 bathtub to remain in a dangerous condition, and failed to warn motel invitees of the dangerous condition of the bathtub (Complaint, ¶ 9 (a-c), (e)).
If the standard were merely some control over the situation giving rise to the accident, ASI's position as designer and/or manufacturer of the bathtub might be sufficient to satisfy the exclusive control requirement. Seaport, however, must allege more than some measure control, it must allege exclusive control. See Coates v. RolscreenCompany, Superior Court, judicial district of New Haven, Docket No. CV 91 0330146 (Jun. 13, 1994, Hadden, J.) (allegation of exclusive control over the manufacture and distribution of window insufficient to establish exclusive control over the situation leading to the injury); Lee v.Northeast Graphics, Inc., Superior Court, judicial district of New Haven, Docket No. CV 326689 (April 7, 1993, Stanley, J.) (allegations of exclusive control over manufacture and sale of machine insufficient to establish exclusive control over situation leading to injury); DePaolav. Albinger, Superior Court, judicial district of New Haven, Docket No. CV 91 323904 (June 25, 1993, Gray, J.) (9 Conn.L.Rptr 311) (allegations of exclusive control over manufacture and sale of vehicle insufficient to establish exclusive control over situation at time of accident).
Seaport has not sufficiently alleged that ASI had exclusive control over the situation that caused the plaintiffs' injuries.
 CONCLUSION
For the foregoing reasons, ASI's motion to strike Seaport's third party complaint is granted.
D. Michael Hurley, JTR