[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #114
On February 27, 2002, the plaintiff, Georgette Camarro, filed a two-count complaint against the defendants, Cheshire Investment Corporation (Cheshire Investment) and Edward Bowman, doing business as Bowman Family Group (Bowman). This action arises out of injuries and losses allegedly sustained as a result of the plaintiffs slip and fall on snow and/or ice on a sidewalk located on property allegedly owned, maintained and controlled by Cheshire Investment and Bowman. The plaintiff alleges that on February 18, 2000, while in the course of her employment with CMS Graphite, LLC (CMS), a company leasing office space on the subject property, she was caused to slip and fall on snow and/or ice while walking on a sidewalk leading to a parking lot.
Count one alleges negligence against Cheshire Investment, as an owner of the property, in that it failed to remove snow and ice from the sidewalk, failed to provide signs or other warnings of the condition of the sidewalk and failed to maintain the sidewalk in a reasonable safe condition, thereby rendering it hazardous.
Count two alleges negligence against Bowman, as an owner of the property, for its failure to remove snow and ice from the sidewalk, failed to provide signs or other warnings of the condition of the sidewalk and failed to maintain the sidewalk in a reasonable safe condition, thereby rendering it hazardous.
On February 15, 2002, CMS filed a motion to intervene as co-plaintiff seeking reimbursement of workers' compensation benefits paid to the plaintiff as a result of her injuries. This motion was granted on March 11, 2002 and, on April 1, 2002, CMS filed a one-count intervening complaint. The intervening complaint alleges that the plaintiff was employed by CMS at the time of the slip-and-fall and that the slip-and-fall occurred in the course of her employment with CMS. As such, CMS alleges that the incident was covered by the Workers' Compensation Act, General Statutes § 31-275 et seq. (the act), CT Page 15824 pursuant to which it was obliged to expend sums of money for medical expenses and compensation and may be obliged to expend further sums in the future for further compensation as may be awarded by the workers' compensation commissioner. Accordingly, CMS claims that any damages recovered in the plaintiffs action against Cheshire Investment and Bowman should be paid and apportioned such that CMS will be reimbursed for any amounts it has paid and may become obliged to pay under the act.
On April 3, 2002, Cheshire Investment filed an answer to the intervening complaint and a counterclaim against CMS. The counterclaim alleges that, prior to the slip-and-fall, Cheshire Investment entered into a written lease with CMS pursuant to which CMS agreed to hold Cheshire Investment harmless and indemnified from all injury, loss or damages to any person or property while on the leased premises. Cheshire Investment therefore argues that, to the extent it is held liable for any of the plaintiffs injuries, it is entitled to indemnification from CMS pursuant to the terms of the indemnification agreement for the amount of the judgment against it and for costs and attorney's fees accrued in the defense of the action.
On June 18, 2002, CMS filed a motion to strike the counterclaim, accompanied by a memorandum in support.
On July 1, 2002, Cheshire Investment filed a memorandum in opposition to the motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.)Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, 698 A.2d 859 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Lombard v. Edward J.Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
CMS moves to strike Cheshire Investment's counterclaim on the ground CT Page 15825 that it fails to state a claim upon which relief can be granted and that the claim is barred by the exclusivity provisions of the act. CMS argues that Cheshire Investment fails to allege the existence of a duty owed by CMS to Cheshire Investment with respect to maintaining the leased premises reasonably free and clear of snow and ice. CMS further argues that the counterclaim fails to allege the necessary elements of active/passive negligence, namely that CMS was negligent, that CMS' negligence, rather than another's was the direct and immediate cause of the injury, that CMS had exclusive control over the situation and that Cheshire Investment did not know of CMS' negligence, had no reason to anticipate it and could reasonably have relied on CMS to act without negligence.
Cheshire Investment counters that its counterclaim properly states a cause of action and is not barred by the act. Cheshire Investment argues that it did not plead the existence of duty or the four elements of active/passive negligence because such allegations are not required for a claim sounding in contractual indemnification.
"When the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, [indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause [of the act]. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third-party landlord harmless." (Emphasis added; internal quotation marks omitted.) Ferrymanv. Groton, 212 Conn. 138, 144-45, 561 A.2d 432 (1989). Therefore, in the present case, the indemnification claim is not barred by the exclusive remedy clause of the act because it derives from an express contractual provision to indemnify.
Similarly, because Cheshire Investment's claim is grounded in contract and is not a common law indemnity claim grounded in tort, it is not necessary for Cheshire Investment to allege the existence of a duty. "A party may bring an indemnification claim based on the terms of an indemnity agreement. . . . [A]llegations of contractual indemnification must be supported by the terms of the contract or the contract itself." (Citation omitted; internal quotation marks omitted.) Kroll v. Stop Shop Co., Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. CV 97 0260127 (July 3, 2001, Gallagher, J.); see alsoSoto v. Hayden Machine Co., Inc., Superior Court, judicial district of CT Page 15826 New Haven, Docket No. CV 99 0429710 (July 19, 2000, Devlin, J.) (27 Conn.L.Rptr. 561) (determining that the existence of a hold harmless clause provides an appropriate basis for a claim of contractual indemnity).
Furthermore, it is not necessary for Cheshire Investment to allege the elements of active/passive negligence where, as here, there exists an express contractual provision to indemnity. While our Supreme Court has required that the active/passive negligence elements be pled in indemnity cases, this requirement has been applied only with respect to claims for common law indemnity. In Kyrtatas v. Stop Shop, Inc., 205 Conn. 694,698, 535 A.2d 357 (1988), our Supreme Court prefaced its delineation of the four elements with the limiting phrase: "A plaintiff in an action for indemnification not based on statute or express contract . . . can recover indemnity . . . only by establishing four separate elements . . ." Other Appellate level cases contain similar limiting language. SeeSkuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 698, 694 A.2d 788
(1997) (agreeing that a "third party complaint must allege facts sufficient to establish at least four separate elements in order to maintain a common law action for indemnity"); Burkert v. Petrol Plus ofNaugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990) (stating that "if a claim for indemnification is grounded in tort . . ., a plaintiff [must] establish four separate elements").
"Under Connecticut law, to state a contract-based indemnification claim, the claimant must allege either an express or implied contractual right to indemnification. Fifield v. South Hill Ltd. Partners hip,20 F. Sup.2d 366, 370 (D. Conn. 1998). There is no requirement that a party seeking indemnification must assert allegations of "exclusive control' (or any of the other elements of a claim for indemnification based on active-passive negligence) in order to state a legally sufficient claim for contractual indemnification. Morel v. Unicco ServiceCompany, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 93 0307697 (December 4, 1995, Maiocco, J.)." Beecher v.Shelton. Superior Court, judicial district of New Haven, Docket No. CV 98 0417052 (November 30, 2001, Zoarski, J.T.R.); see also Soto v. HaydenMachine Co., Inc. supra, 27 Conn.L.Rptr. 561 (determining that the existence of a hold harmless clause provides an appropriate basis for a claim of contractual indemnity). Moreover, "[t]he indemnification clause does not require that there be negligence on the part of [CMS] for indemnification to be had." (Internal quotation marks omitted.) Kroll v.Stop Shop Co., Inc., supra, Superior Court, Docket No. CV 97 0260127.
Cheshire Investment has sufficiently pleaded a cause of action for CT Page 15827 contractual indemnification, and therefore the motion to strike the counterclaim is denied.
 ___________________ Howard F. Zoarski Judge Trial Referee
CT Page 15828